ELIZABETH W. BROWN

*v.*

S. BUDD NORCROSS.

[Filed February 6th, 1900.]

1. Where, under a contract for the sale of land, it is provided that upon payment of the purchase-money a deed shall be delivered, and it appears that the vendor has put the vendee into possession and has always been ready to deliver the deed, that the vendee knew this, but has refused and failed to pay the purchase-money, an actual tender of the deed by the vendor is not a necessary preliminary to the filing of a bill for specific performance.

2. Where the proposed vendee is put into possession under the contract, he is entitled to the profits of the land, and the proposed vendor is entitled to interest on the unpaid purchase-money, unless some superior equity appears.

3. Whether a clause providing for liquidated damages makes the agreement for sale an alternative one, depends, not upon the mere fact that the agreement contains such a clause, but upon the intent of the parties ascertained from the whole instrument with relation to the subject-matter of the contract.

4. If it appears that the clause providing for liquidated damages was inserted to secure performance of the contract, and not to give an election to refuse to perform and to pay the damages, equity will enforce specific performance.

On bill for specific performance, answer and proofs.

*Messrs. Sims & Slaughter*, for the complainant.

*Mr. Samuel A. Atkinson*, for the defendant.

GREY, V. C.

The complainant is a widow, and files this bill to compel specific performance of an agreement made between herself and her husband (who was then living), on the one part, and the defendant, on the other part, to the effect that they should convey to the defendant a piece of land in Mount Holly, the property of the complainant. By the agreement, which is in writing, the party of the first part agrees to sell, and the party of the second part to purchase, the lot of land

"for the price of $400, of which $25 is now paid and receipt hereby acknowledged, the balance, $375, to be paid not later than six months after March 1, 1896, upon payment of which balance, proper deed of conveyance shall be delivered to the said S. Budd Norcross."

The bill alleges, and the answer admits, that at the making of this agreement the defendant paid the $25 on account of the purchase; that shortly after the making of the agreement he entered into possession of the premises under it, and has continued in possession of the premises until the present time. The agreement also contains the following clause:

"and for the due performance of all and singular the covenants and agreements herein contained, the said parties of the first and second parts do bind themselves * * * each to the other * * * in the sum of $100, firmly by these presents, the said sum to be considered as liquidated damages to be paid by the defaulting party."

The defences made to the claim of the complainant for the specific performance of a contract are—*first*, that no tender was made of a deed for the premises before the filing of the bill in this cause; *second*, that the complainant demanded that the defendant should pay interest on the unpaid purchase-money; and *third*, that the clause as to liquidated damages limits the remedy to the complainant to a suit at law for damages, and precludes him from any relief in this court.

By the terms of the contract it is expressly agreed by the defendant that the balance of the purchase-money should be paid not later than six months after March 1st, 1896, which is September 1st, 1896, and that upon the payment of that balance, a proper deed of conveyance should be delivered. The effect of this term is that the obligation to deliver the deed will arise when the defendant pays the balance of the purchase-money. The proof in the case shows that after the defendant had entered into possession of the premises there was a considerable delay, during which the complainant sought to induce the defendant to perform. No day was selected for the fulfillment of the contract after the day of payment named in the contract had passed, though neither party either disavowed the obligation or denied a willingness to perform it.

The defendant was invited to pay the balance of the purchase-money, and it was insisted that having agreed to pay it on the day named in the contract, and having failed, he should also pay interest from the time that it came to be due. The defendant refused to pay the interest, and the dispute between the parties on this point is such that it is quite evident that the essential matter in difference between the parties is the defendant's contention that he is not liable to the payment of interest on the balance of the purchase-money during the period in which he has had possession of the premises, and has of his own choice delayed payment of that balance. Under these circumstances, if the complainant was entitled to the interest there was no obligation upon her as a preliminary to this suit to make a formal tender of the deed. That was only deliverable upon the payment of the purchase-money.

The testimony shows that the complainant was at all times ready to deliver the deed, and that the defendant knew this; the delay was occasioned by the defendant's refusal to pay interest on the due purchase-money. Neither party claimed a rescission because of the delay in performance, each being willing to perform, if only his construction of the terms of the contract were accepted by the other. In such cases mere delay in forcing performance is of little significance. *McTague* v. *Sea Isle City Building Association, 28 Vr. 428.*

The second point made is that the complainant is not entitled to interest on the balance of the purchase-money. Upon the making of such an agreement between parties as is above set forth, the proposed vendee becomes, in the consideration of a court of equity, the owner of the land, and the proposed vendor becomes, subject to the terms of the agreement, the owner of the purchase-money. *Houghwout* v. *Murphy, 7 C. E. Gr. 546.* The vendee, if holding possession of the land, is entitled to the rents and profits thereof, and the vendor, under such circumstances, is entitled to receive interest upon the unpaid portion of the purchase-money. *King* v. *Ruckman, 9 C. E. Gr. 301.* That is the exact situation in this case. The vendee admits by his answer that he has been in possession of the land; the con-

tract shows that the balance of the purchase-money came to be due on September 1st, 1896. The complainant was ready to convey when the defendant should pay that balance. The defendant knew this, and though he retained the possession of the land, did not pay the remaining portion of the purchase-money. Under such conditions interest should be charged against the defendant from the time named in the agreement as the day of payment.

There remains but one more question. The defendant insists that the above-quoted term—that for the due performance of the contract the parties bound themselves in $100 liquidated damages, &c.—obliges the complainant to sue at law for the $100 as a full satisfaction of the breach of the contract and deprives him of all equity to have the contract specifically enforced. The concluding clause in Chancellor Halsted's opinion, in *St. Mary's Church* v. *Stockton, 4 Halst. Ch. 532,* is cited to sustain this proposition.

In the case cited the question was before the court in such a way that no attendant equities were presented for consideration. The matter considered was merely the effect of the stipulation as expressed in the contract. The defendant had not taken and retained possession of the premises under the agreement and none of the difficulties attendant upon the restoration of the parties to their former positions had arisen.

It may, however, be doubted whether the intimation of the learned chancellor (if it ever did expound the true principle upon which specific performance is enforced in equity in such cases) is now expressive of the accepted view in this state. Vice-Chancellor Pitney, when sitting as master, in *Crane* v. *Peer, 16 Stew. Eq. 553,* collates the English and American cases and concludes that the mere presence of a provision for liquidated damages does not of itself necessarily render the contract an optional one, giving the right to the parties either to perform or to break the contract and pay the liquidated damages. The learned master declared that whether the contract was an alternative one or not must be ascertained from its language and the subject-matter. The spirit of the cases collated and the learned

master's opinion concur in the declaration that if the parties inserted the liquidated damage clause in order to secure the performance of the contract, either may compel the other specifically to perform according to their agreement, but if they intended that the contract should oblige them to do one of two things— either to perform or to pay the liquidated damages—then either party may pay and be free from the obligation to perform.

In *O'Connor* v. *Tyrell, 8 Dick. Ch. Rep. 18,* there was an agreement to convey with a stipulation for liquidated damages in case of failure. The vendors failed to convey, giving no reason therefor. The vendee filed his bill to compel specific performance. The vendors moved to dismiss the bill, contending that equity would leave the complainant to a suit at law to recover the liquidated damages. Chancellor McGill declared that such a contract was not optional with the defaulting party to perform, or to pay the named sum; that damages did not become a factor in the consideration of remedies until there had been an honest effort to perform and a failure, and held that the complainant was clearly entitled to a decree for specific performance. He further declared that the case had not been brought within the intimation of Chancellor Halsted above cited.

These cases which fully discuss the principle involved, indicate that specific performance should be denied not because of the mere presence of a clause for liquidated damages, as does Chancellor Halsted, but only in those cases where the frame of the contract and its relation to the subject-matter show that the parties intended the agreement to be in the alternative, giving to each the right to choose either to perform or to pay the damages and refuse to perform. This appears to be the better exposition of the equity rule.

In *Dooley* v. *Watson, 1 Gray 414,* Chief-Justice Shaw held that where there was an agreement to convey, and a separate contract, that a certain sum should be paid if the party failed, the promise to pay the money was merely a security for the performance of the contract to convey, and he decreed specific performance. See, also, *Hooker* v. *Pyncheon, 8 Gray 552;* and *Hull* v. *Sturdivant, 46 Me. 34,* to the same effect.

In the case now under consideration, the words of the contract declare that for the due performance of the agreement, the parties bind themselves in the sum of $100, to be considered as liquidated damages, to be paid by the defaulting party. Here is an express declaration that the purpose in requiring the payment of the money is to secure the performance of the contract. The object sought is a single and entire thing—the performance of the agreement. There is no 'provision for an alternative whereby the parties are given an option to perform or to refuse and pay. Nothing of that sort appears to have been within the contemplation of the parties when they made the contract. Nothing in their action towards each other since indicates that they ever so understood their agreement. The defendant has always been ready to perform if he were excused from the payment of interest. He never either refused to perform or offered to pay the $100.

If the contract should be held to tender a choice to accept performance or to refuse and pay the liquidated sum, the defendant long ago has exercised his election and has chosen to accept performance. He has paid a part of the purchase-money, accepted delivery of possession which he yet retains, and has declared his willingness fully to perform if his construction of the amount yet due be made the basis of settlement. Under these circumstances having already elected and still retaining the benefits of his choice, he cannot, without even offering to restore those benefits, now choose again and take the other alternative.

To deny the complainant a decree for performance and compel him to seek his remedy at law, will oblige him to bring one suit against the defendant to recover the liquidated damages, and another in ejectment to recover possession of the land. It cannot be said that the procedure at law is adequate to the relief which this court can afford by compelling specific performance of the contract, for even if the stipulated damages are held to be an agreed satisfaction for a mere breach of the contract, they do not compensate the complainant for the consequent loss by reason of the defendant's continued use and retention of the land.

The complainant is entitled to a decree.