THE AVON-BY-THE-SEA LAND IMPROVEMENT COMPANY

*v.*

GEORGE W. THOMPSON.

[Filed July 12th, 1900.]

An agreement for the sale and conveyance of lands, providing that either party failing to perform the same shall pay the sum of $5,000 as liquidated damages, does not constitute such agreement an alternative contract, so as to release the vendor from performance, without a *bona fide* effort to perform, upon the payment of the damages stipulated in the agreement.

On demurrer to a bill.

*Mr. Acton C. Hartshorne,* for the complainant.

*Mr. Frank Durand,* for the defendant.

REED, V. C.

The bill is filed for the specific performance of a contract to sell lands. The bill sets out that the complainant, the Avon-by-the-Sea Land Improvement Company, on November 22d, 1899, agreed with George W. Thompson, the defendant, to convey to

the latter on February 15th, 1900, several hundred lots and a hotel property, sewers and other real property situated at Avon-by-the-Sea, in this state. Five thousand dollars were to be paid and were paid, when the contract was executed. The remaining part of the consideration, namely, $170,000, was to be paid upon the delivery of the deeds, at the time and place mentioned. Deeds were prepared, and were ready for delivery at the place and time agreed upon, but the defendant did not make his appearance. Afterwards, in April, a deed was tendered to Mr. Thompson, who refused to accept it and pay the balance of the consideration, but stated that he did not have the money, but expected to know in a few days what he would do.

The demurrant challenges the right of the complainant to a decree for a specific performance of the contract by the defendant, upon the sole ground that, under the terms of the contract, which the bill is filed to enforce, there is given to the defendant an option, to either take the property and pay the price, or to forfeit the $5,000 named in the contract as liquidated damages.

The clause in the contract, upon which reliance is put to support this position, reads thus:

"And for the due performance of all and singular the covenants aforesaid, the said parties hereto do bind itself and himself, and their respective heirs, successors and administrators, and they hereby agree to pay, upon failure to perform the same, the sum of five thousand dollars by the party failing to carry out this agreement to the other, which they hereby mutually fix and settle as liquidated damages therefor. And the said party of the second part agrees to forfeit the sum of five thousand dollars to said party of the first part as said damages, in case he fails to carry out his part of this agreement."

The question thus raised is, whether this clause exhibits an intention to create an alternative contract, by which Thompson agreed to pay the purchase-money upon the delivery of the deed, or to forfeit the sum of $5,000 already paid and be relieved from performance.

In the case of *St. Mary's Church* v. *Stockton, 4 Halst. Ch. 520,* Chancellor Halsted expressed an opinion that as the parties had stipulated that a certain sum should be paid in case of breach of the agreement, it showed that each party contemplated an action

Avon-by-the-Sea Land Imp. Co. *v.* Thompson.

at law for damages, in case of the failure of the other to perform, and stated this as one of the grounds for refusing specific performance. As appears by the reported case, the sole defence set up was that the complainants were not able to make a good title.

The chancellor, after seeming to hold that this ground was good, proceeded to make the remark in respect to the effect of the provision for liquidated damages. The latter question was evidently not the subject of discussion by the distinguished counsel who argued the cause, nor of serious consideration by the court; but the remark was not *obiter,* for it stated one of the grounds upon which a decree for the complainants was denied.

If this was the only case in which this matter had been passed upon, I should follow it as the law of this court. But three subsequent suits for specific performance have been the subject of consideration in this court, in which cases the parties had liquidated the damages to be paid in case of failure to perform a contract. · The first of these cases was *Crane* v. *Peer, 16 Stew. Eq. 553.* The defendant had sold to the complainant his stock in trade, and agreed not to become interested in the same business, in the same township, for five years, under a penalty of $500. On a bill filed to restrain the defendant from violating his agreement, it was held that, assuming the $500 to be named as liquidated damages, nevertheless the defendant would be compelled to specifically perform this contract by refraining from its violation. The advisory master, now Vice-Chancellor Pitney, after a review of the cases, came to the conclusion that, by the weight of authority, as well as by reason, the fact that the parties to a contract had agreed upon a fixed sum as the measure of the damages to be paid in case of a failure to perform, does not, necessarily, turn the contract into an alternative one, under which the party has the option to either perform or pay the sum mentioned. The learned master held that it was always a question of intention, to be derived from the language and the subject-matter of the contract.

The next of these cases was *O'Connor* v. *Tyrrell, 8 Dick. Ch. Rep. 15,* in which the chancellor refused to dismiss a bill filed for the specific performance of a contract for the sale of land,

14

although the parties had stipulated for the repayment of certain sums, by the defendant, in case he failed to deliver a deed. In the language of the contract, the sums were to be paid "in the event of the failure of the vendor to deliver the deed, at the time and place named." Chancellor McGill held that the failure mentioned in the contract meant a failure after a *bona fide* effort to make title. Inasmuch as such *bona fide* effort did not appear in the bill, the case was said, by the chancellor, not to involve the question raised in the cases of *Crane* v. *Peer* and *St. Mary's Church* v. *Stockton, supra.*

Now, if the payment of the sum fixed in that case was to be alternative with the performance of the contract only in case of a failure to perform after a *bona fide* effort to perform, then it must follow that in this case the forfeiture of the $5,000 can be regarded as equivalent to performance only, after a *bona fide,* but fruitless, effort to pay.

In this contract the defendant "agrees to forfeit the sum of five thousand dollars" (manifestly alluding to the $5,000 paid on executing the agreement) "in case he fails to carry out his part of the agreement."

His part of the agreement was to pay $170,000.

If the failure of the vendor to make a deed must be after a *bona fide* effort to do so, then mutuality requires that the failure of the vendee to pay must be after a similar effort. Of course, it does not appear in this bill that such an effort was made by the defendant.

The last of the three cases is that of *Brown* v. *Norcross, 45 Atl. Rep. 605.* The contract in this case was to sell a lot of land for the sum of $400, $25 of which were paid, and upon the payment of the remaining $325 a deed was to be given by the complainant. The parties bound themselves to each other for the due performance of the contract in the sum of $100, the said sum to be considered as liquidated damages. Vice-Chancellor Grey, notwithstanding the clause for liquidated damages, decreed that the defendant must perform, by paying the remainder of the purchase-money. The learned vice-chancellor held that specific performance would not be denied because of the presence of a clause for liquidated damages, but only when it appeared

Camden Iron Works v. Camden.

that the contract gave each the right to either perform or pay the damages and refuse to perform; in other words, when it appeared that the contract was alternative.

It is true that in this case the vendee had entered into possession, and that these circumstances, together with the fact that the parties had bound themselves for the due performance of the contract to pay the mentioned sum, was relied upon, the first as exhibiting an intention on the part of the vendee to perform the contract, and the second as showing that the sum mentioned was inserted to secure the performance of the contract. But the vice-chancellor followed, by remarking: "There is no provision for an alternative, whereby the parties are given an option to perform or refuse to perform." The latter is the test, as I understand it. There must be something apart from the fact that there is a provision for liquidated damages to show that its payment is to be the equivalent for performance. I find nothing in the clause contained in the contract disclosed by the bill to show an intention of the parties to execute an alternative contract.

The demurrer is overruled.