## LOUIS RESNICK et al.

### *v.*

## WILLIAM A. CAMPBELL and NEIL CAMPBELL.

[Filed November 28th, 1904.]

Specific performance of a contract to convey land may be enforced in equity where the two defendants are able to convey a complete title according to contract, though neither could alone do so.

---

Bill for specific performance. Pleas.

*Messrs. Hudspeth & Puster,* for the complainants.

*Mr. James F. Minturn,* for the defendants.

STEVENSON, V. C.

The defendants have each filed a plea. I do not think that either plea is good. Both will be overruled.

1. Although the pleas will be dealt with according to their merits, and without regard to formal objections, I think I should point out that neither plea has annexed to it the affidavit or the certificate of counsel prescribed by the statute. Each plea, therefore, is at least liable to "be treated as a nullity." *Chancery Act* § *22.*

2. Neither plea discloses any defence to the case presented by the bill.

On motion for the appointment of a receiver in this cause, I dealt with the question presented in a somewhat different form by the pleas, whether the mere liquidation of the damages by the parties to a contract for the sale of land discloses an intent that there shall be an option either to perform or pay the damages. My conclusion was that the agreement set forth in the bill does not suggest any alternative—that the parties merely undertook to liquidate the damages which would be assessed in case damages were sued for in a court of law—that nothing in the agreement under the authorities which control this court affected the right of the complainants to a decree of specific performance. *Crane* v. *Peer, 43 N. J. Eq. (16 Stew.) 553; O'Connor* v. *Tyrrell, 53 N. J. Eq. (8 Dick.) 15; Brown* v. *Norcross, 59 N. J. Eq. (14 Dick.) 427; Avon-by-the-Sea Land Improvement Co.* v. *Thompson, 60 N. J. Eq. (15 Dick.) 207.*

It may be observed that the argument on each side proceeds upon the theory that the sum of $500 in fact is the liquidated amount of damages to be assessed against either party who shall fail "to perform" an agreement containing a number of provisions varying quite widely from each other in respect of their importance to the parties, and in respect of the pecuniary value of their observance and the damages which would result from their breach. I shall dispose of this case, however, without inquiring whether this theory is correct, or whether, on the contrary, in spite of the words in the agreement, which by themselves indicate an attempt to liquidate the damages at $500 in case of any breach of any part of this agreement, the sum named must be regarded merely as a penalty. See *Monmouth Park Association* v. *Wallis Iron Works, 55 N. J. Law (26 Vr.) 132; Monmouth Park Association* v. *Warren, 55 N. J. Law (26 Vr.) 598; Robinson* v. *Centenary Fund Society, 68 N. J. Law (39 Vr.) 723.*

The brief for the defendants argues that the result of the New Jersey authorities above cited is merely that, where the party defendant is able to perform, he is not allowed, on account of the liquidation of the damages in the agreement, to exercise an arbitrary option to pay the damages instead of performing the contract. The further argument is made that where perform-

ance is impossible, as I understand it, strictly according to the contract, then the defendant has the option to pay the damages as liquidated in the agreement. What the extent of this alleged rule may be I do not stop to consider. It would seem to exclude specific performance with compensation where the agreement contains a proper clause liquidating the damages in case of breach.

The defendants' whole argument, I think, is sufficiently answered by pointing out that no impossibility of performance is set forth. Of course, neither of these defendants is able of himself to perform the agreement. If these pleas could be sustained in this case, it seems to me that where the tenant for life, the remainderman and a mortgagee all unite in agreeing to convey the land in fee, each one might defeat a decree for specific performance by pleading his inability to perform and his unsuccessful *bona fide* application to the other parties who united with him in the agreement to have them join with him in a proper conveyance.

· The bill sets forth two separate written agreements of the same purport, bearing the same date, one of which was executed by the defendant Neil Campbell, and the other by the defendant William A. Campbell. The two agreements manifestly constituted a single transaction, their object and legal effect being to bind both of these defendants to execute the conveyance described in each agreement so as to give the complainants the title which each agreement called for. The defendant Neil Campbell, who is the father of the defendant William A. Campbell, made his agreement first, claiming to be the owner of the land and to have full power to sell the same. The bill alleges that after the defendant Neil Campbell had signed and executed his agreement he disclosed

"the fact that the record title to the land and premises in question was in his son, the said defendant William A. Campbell, and who he represented was carrying the same in his name in trust for and for the uses and purposes of the said defendant Neil Campbell, and that for further security unto the said defendant Neil Campbell, he, the latter, held a second mortgage, purporting to secure the sum of $14,000, with interest, upon the said land and premises, which he had had his said son, the said defendant William A. Campbell, make and deliver to him, and which was

recorded * * * and which the said defendant Neil Campbell claimed was to secure whatever equity he had in the said land and premises should anything happen to his said son, the said William A. Campbell, while the title to the said land and premises stood in his name as aforesaid."

The bill further alleges that, upon the disclosure of the facts above stated, the proposition was made that

"the said defendant Neil Campbell should obtain an additional contract, in writing, from his said son, the said defendant William A. Campbell, for the sale and conveyance of the said land and premises, upon the terms and conditions agreed upon between the said parties as aforesaid, and thereupon the said defendant Neil Campbell caused the said contract * * * to be drawn, and had his said son, the said defendant William A. Campbell, execute, acknowledge and deliver the same."

In the face of these unanswered allegations, the plea of Neil Campbell undertakes to set up that he (Neil Campbell) was unwilling to cancel his mortgage, and was unable to perform the contract because he had no title to the premises. On the other hand, the plea of the defendant William A. Campbell sets up that he had endeavored to carry out his contract, but was unable to procure the release or cancellation of the mortgage for $15,000 held by the other defendant, Neil Campbell.

There is no impossibility of performance here which lets in any such rule of equity as the counsel for the defendants argues for in his brief. Both defendants are within the power of the court and can be compelled to execute a conveyance, or conveyances, which will give the complainants precisely the title which they have a right to call for under each of these agreements.