# AMERICAN ICE COMPANY

*v.*

## JAMES LYNCH.

[Submitted May 7th, 1908. Decided May 8th, 1908.]

1. An agreement by one entering into the employ of another as ice wagon driver and canvasser for customers not to engage in the ice business within the territory covered by his route or within five squares therefrom for one year after his employment should cease, and, should he do so, to pay $200 as liquidated damages, was not an alternative contract, extending an option to either refrain from engaging in an opposition business or to engage therein by paying $200 for the privilege, so as to preclude an injunction restraining the employe from engaging in such opposition business.

2. An agreement by one entering into the employ of another as ice wagon driver and canvasser for customers not to engage in the ice business within the territory covered by his route or within five squares therefrom for one year after his employment should for any cause cease, was reasonable as to the territory and period of restraint.

On bill for injunction to restrain defendant from engaging in an opposition business contrary to his agreement.

The bill seeks to enforce against defendant a certain contract wherein defendant agreed not to engage in the ice business within a specified territory for a period of one year. Defendant was employed by complainant as a driver of an ice wagon and canvasser for customers. The agreement of employment was embodied in a bond which defendant and a surety gave to complainant for $200 in amount conditioned that defendant would faithfully perform the duties and engagements specified in the several recitals contained in the bond. Among these recited agreements on the part of defendant was one to the effect that defendant would not engage in the ice business within the territory covered by his route or within five squares therefrom for one year after

his employment should for any cause cease. Another part of the agreement, as recited in the bond, provided:

> "And further, if the said James Lynch shall leave the service or cease to serve the company without their consent during said term for which he has been employed or shall, after leaving of his own accord or being discharged by the company, engage in the ice business as aforesaid, within the time and territory above described then he shall pay to said company the sum of two hundred dollars, not as a penalty, but as liquidated damages."

Defendant does not deny that he is engaged in the ice business contrary to the terms of his agreement; but insists that the stipulation touching liquidated damages operates to deny to this court the right to enforce the covenant.

Heard on return of an order to show cause for a preliminary injunction.

*Messrs. Grey & Archer,* for the complainant.

*Mr. William C. French,* for the defendant.

LEAMING, V. C.

The contention of defendant finds support in a considerable number of adjudicated cases; but this court is now firmly committed to the opposite view. *Crane* v. *Peer, 43 N. J. Eq. (16 Stew.) 553; Brown* v. *Norcross, 59 N. J. Eq. (14 Dick.) 427; Avon Land Co.* v. *Thompson, 60 N. J. Eq. (15 Dick.) 207.* A consideration of the terms of the present contract and the conditions necessarily surrounding its execution clearly discloses that it was in no sense intended by the parties as an alternative contract designed to extend to defendant an option to either refrain from engaging in an opposition business or to engage in that business among complainant's customers by paying $200 for the privilege, after having acquired a knowledge of complainant's business and an acquaintance with its customers. The specific agreement of defendant is not to engage in the business. The purpose and force of that language cannot be mistaken. Had it been the intention of the parties to also provide that defendant

should be privileged to purchased his liberty to perform the act which he specifically agreed not to perform, that intention should have been expressed in language equally clear. The territory of restraint and the period of restraint are reasonable, and complainant is clearly entitled to the aid of this court in the enforcement of the agreement.

The stipulations in the contract touching arbitration have no reference to the present conditions, and such stipulations do not operate to defeat the relief now sought.

I will advise an order directing a preliminary injunction to issue to restrain defendant from engaging in the business named within the territory and period specified in the contract.