BENJAMIN A. PORTER

*v.*

VIOLET A. WILLIAMS et al.

[Decided July 22d, 1921.]

A contract of a wife as trustee for a child to convey to a third person land previously held by the husband and wife as tenants by the entirety, and which had been purchased by the wife as such trustee at a sale held to satisfy a judgment against the husband, following the husband's abandonment of his wife and child, which contract was executed by the wife as such trustee, pending her divorce suit, contained a provision for the payment of a certain amount as liquidated damages on failure to perform by either of the parties, *held* an alternative contract, under evidence that the parties so intended in view of the uncertainty as to whether the wife could convey a good title.

On bill, &c.

*Mr. W. Howard Demarest,* for the complainant.

*Mr. Abner Kalisch* and *Mr. Harry Kalisch,* for the defendants.

FOSTER, V. C.

The original bill in this cause sought the specific performance of a contract dated June 28th, 1919, made between complainant and the defendant Violet A. Williams (who was then the wife of Joseph Butterworth), for the sale of property in Bloomfield, in Essex county. Because of changes in the title, a supplemental bill was filed for the specific performance of the contract, and also for a partition of the property.

On the hearing the contest was, by consent of the parties, limited to the question of specific performance.

The facts established are, that in January, 1913, title to the premises in question was vested in Joseph Butterworth and his wife, as tenants by the entirety; in October, 1916, Butterworth abandoned his wife and eighteen-months-old child. Butterworth's interest in the property was sold to satisfy a judgment, by the sheriff, to Mrs. Butterworth, as trustee, on July 15th, 1917; and Mrs. Butterworth states she took title thereto as trustee for her child.

Some time in 1919 Mrs. Butterworth began proceedings in this court for a divorce on the ground of desertion; and while this suit was pending, in June, 1919, she, individually, and as trustee, entered into the contract in question (in which Butterworth did not join), by which she agreed to convey the premises to complainant on April 1st, 1920; possession was to be given on July 1st, 1919, and by an addendum to the existing lease for the property between the parties, then made, the rent accruing under this lease was released in consideration of the contract, and the term of the occupancy was extended until November 1st, 1920, under the terms of the contract. Complainant had been in possession under this lease from May, 1919.

The contract contains a provision for the payment of $960 as liquidated damages for failure of either party to perform any or all of its stipulations.

At the execution of the contract $600 was paid on account of the purchase price, and it was agreed that complainant, from August, 1919, to January, 1920, should make payment at the rate of $60 per month, or a total of $360, so that by the latter date Mrs. Butterworth would, and did, receive $960, the amount fixed

as liquidated damages. These payments were made her, and also additional payments of $60 per month, from February to July, 1920, aggregating $360. She claims these additional monthly payments were made to her as rent, and complainant claims they were made on account of the purchase price.

About August 3d, 1920, Mrs. Butterworth obtained her final decree of divorce, and shortly thereafter married her present husband, John Williams. On August 18th, 1920, the contract was recorded. On September 20th, 1920, the original bill in this cause was filed against Mr. and Mrs. Williams. On October 8th, 1920, Mrs. Williams, individually and as trustee, and her present husband, conveyed the premises to the defendants LeRoy Zubler and Augusta H. Zubler, her brother and mother, for an actual consideration of $10,500; included therein was $960 to settle the liquidated damages mentioned in the contract with complainant. Thereupon complainant, about October 22d, 1920, obtained from Joseph Butterworth a conveyance of his undivided interest in the property; and basing his claim upon this conveyance, on October 27th, 1920, he filed his supplemental bill, adding the Zublers as parties and asking for specific performance and partition; and on the same date filed notice of *lis pendens.*

At the hearing and on their briefs counsel have raised and discussed a number of interesting questions, including the effectiveness of the sheriff's sale of Butterworth's interest as a tenant by the entirety; the authority, or rather the absence of authority, in Mrs. Butterworth-Williams, as trustee, to convey to complainant the interest of her infant child in the property; the effect of complainant's refusal to accept title unless Butterworth joined in the conveyance; the question of notice of the contract to the defendant Zubler; because this action was not commenced within the period of limitation fixed by section 116 of the Conveyance act; because the notice prescribed by that section was not duly filed; and, lastly, the effect of the provision of the contract relating to liquidated damages.

From my consideration of the established and disputed facts, and the impression made upon me by the parties and their witnesses at the hearing, I have concluded to dispose of the contro-

versy without particular consideration of all of the questions thus raised.

Admittedly, Mrs. Butterworth-Williams bought her husband's interest in the property at sheriff's sale, as trustee; she states she constituted herself trustee for her daughter, now about six years old; it does not appear whether she used funds belonging to the infant with which to make this purchase; but it does affirmatively appear that without any authority, and apparently without due consideration for the infant's interest, or, as is now claimed, for a consideration wholly inadequate, she obligated herself as trustee, to convey the infant's interests in this property. If she were such a trustee as she claims, she could not legally do what she attempted by this contract, and complainant was apparently aware of this fact; and under the proofs there is considerable force in the contention now made, that the interests of the infant were not safeguarded therein and would be seriously affected by a decree for specific performance.

This latter contention is particularly pertinent, because it does not appear that the amount of liquidated damages fixed by the contract will not adequately compensate complainant for any loss he has or may suffer if he does not obtain title to the property.

While the later cases in this court have not adopted the view expressed by Chancellor Halsted in the case of *St. Mary's Church* v. *Stockton,* 8 *N. J. Eq.* 520, that the mere presence of the liquidated damages clause in the contract, made the contract an alternative one, which the parties could at their option perform, or pay damages for its non-performance; these cases do hold that the terms of the contract, the subject-matter and the circumstances are to determine if the contract is or is not an alternative one. See *Crane* v. *Peer, 43 N. J. Eq. 553; Brown* v. *Norcross, 59 N. J. Eq. 427; Avon Land Co.* v. *Thompson, 60 N. J. Eq. 207; American Ice Co.* v. *Lynch, 74 N. J. Eq. 298.*

From the proofs I think it is apparent that the parties intended, when the contract was executed, that it should be an alternative one, because it was then known to complainant that Mrs. Butterworth had purchased, as "trustee," her husband's interest in the property; that two months before, as owner, she

had leased the property to him; that because of her pending suit for divorce, the date for passing title was fixed for nearly a year after the date of the contract, in order that she might obtain her final decree; when this was delayed, complainant, in January, 1920, and on later occasions, demanded that she should have her husband join in the execution of the deed, and when this was refused, offered to obtain her husband's signature to the deed if she would waive her claim for alimony; and when this, also, was refused, he announced he would not accept title from her alone. Mrs. Butterworth accepted his statement as a fact and thereafter treated him as a tenant, and served notice upon him to quit the premises, and, as a result of this notice, they have had considerable litigation.

Complainant insists that Mrs. Butterworth, as trustee, has not a valid title to her husband's interest in the property, and claims to be the owner of this interest, and, as such, asks for the partition of the property. His position in his suit for specific performance is wholly inconsistent with his demand for partition; in one part of his case he insists Mrs. Williams has a complete and valid title to the property, which she in violation of her contract refuses to convey to him, and in the other branch of the case he insists she owns only an undivided interest in the property.

Since the execution of the contract complainant has in no material way changed his position with respect to the property; he has made but few and inconsequential repairs to it, and some slight additions to the shrubbery, and he has had continued occupancy of the property since July, 1920, without the payment of rent, while defendants have paid the taxes and the interest on the mortgages thereon.

The amount of $960 settled and agreed on as liquidated damages has special significance on the question of an alternative contract, in view of the fact that the payments made by complainant did not equal, and were not expected to equal, that sum until January, 1920, the time when complainant refused to accept the deed unless Butterworth joined in its execution. Under his lease complainant was paying $61 monthly; under his con-

tract his monthly payment was reduced to $60, and his term which, under the lease, expired on May 1st, 1920, was extended under the contract until November 1st, 1920, although the date for passing title under the contract was April 1st, 1920.

From all the evidence it is reasonable to infer that the provision for liquidated damages was inserted in the contract, because of uncertainty over the outcome of Mrs. Butterworth's divorce proceedings, and over the date when she might obtain a final decree of divorce. The odd and unusual amount settled upon as liquidated damages, the fact, which cannot be regarded as a mere coincidence, that the payments made by complainant would not, and did not, equal this sum until about the time he refused to accept title from her, justify the conclusion that the liquidated damages clause was made part of the contract, with the view and expectation that if Mrs. Butterworth could not perform the contract by giving complainant the title to the property he expected by April 1st, 1920, the date fixed in the contract, and which proved to be five months before she obtained her final decree of divorce, then the parties had the privilege of settling their respective claims for damages and rent under the liquidated damages clause of the contract.

Because of this alternative character of the contract and the undetermined rights of the infant in the property; and, also, because it does not affirmatively appear that complainant was ever ready and willing to perform the contract, or to take title to the property, except upon the condition, not part of the contract, that Mr. Butterworth should join in the conveyance, my conclusion is, that on this branch of the case complainant should be left to his remedy at law and a decree will be advised accordingly.