CLARA A. DENGLER RITTENHOUSE et al.

*v.*

MICHAEL SWIECICKI et al.

[Decided July 10th, 1922.]

1. Where it clearly appears that the defendants' failure to answer in a specific performance suit was not due to negligence, and their petition to open the decree *pro confesso* therein entered against them was properly filed, the decree should be opened, and they should be permitted to defend if a meritorious defence is adequately disclosed.

2. A bill for the specific performance of a contract to purchase land filed before the day for performance fixed in the contract was not prematurely filed when the other party repudiated the contract.

3. A provision in the contract for liquidated damages does not necessarily bar specific performance.

4. Where a contract by a married woman and her husband to convey her land is not acknowledged by her, the purchaser cannot enforce it.

5. Where a wife who did not originally acknowledge a contract for sale of land afterwards signed and acknowledged it, and also the deed which was tendered in performance of the contract, there was mutuality of remedy to support a suit for specific performance.

On bill for specific performance. On hearing on petition of defendants to open final decree.

*Mr. William C. French* (for whom appeared *Mr. James V. McAdams*), for the petitioners.

*Mr. Wilfred B. Wolcott,* for the respondents.

LEAMING, V. C.

This is an application by defendants to open a final decree which has been entered against them in this court. No material facts are in dispute.

January 5th, 1922, a written contract was entered into wherein complainants, who are husband and wife, agreed to sell and convey to defendants, and defendants agreed to buy for a specified price certain real estate owned by the complainant Clara.

Defendants, vendees in the contract, refused to perform and complainants thereupon filed a bill for specific performance. Defendants promptly employed counsel to represent them. Their counsel, after careful consideration, became satisfied that no successful defence could be made and accordingly determined to file no answer. A decree *pro confesso* was then entered, and under an order for proof complainants' testimony was duly taken before a master and a final decree thereon entered. The decree requires defendants to pay within a time specified the unpaid balance of the purchase-money named in the contract.

Defendants now show that they did not know of the determination of their counsel to make no defence and did not know of the decree until shortly before the petition herein to open the decree was filed.

1. It is clearly established herein as a fact that petitioners' failure to answer in the specific performance suit can in no way be attributed to their negligence or fault; and this petition to open the decree therein entered against them and to permit them to defend was promptly filed. The decree entered against defendants should be open and defendants should be permitted to defend if a meritorious defence is adequately disclosed. *Day* v. *Allaire, 31 N. J. Eq. 303; Boyer* v. *Boyer, 77 N. J. Eq. 144.*

2. The first defence presented by defendants is a claim that the bill was prematurely filed.

The bill was filed before the date named in the contract for the final payment. This was because defendants had, through their counsel, apprised complainants that they would not perform. This was first communicated by parol and subsequently confirmed by a letter in which it was stated that defendants "positively will not take the property under any circumstances;" the letter also demanded the return of the

money theretofore paid. It is not claimed that this repudiation of the contract by the solicitor was not directed by the vendees.

In *Stein* v. *Francis, 91 N. J. Eq. 205,* I determined that a vendee's bill for specific performance filed before the day for performance ·was not prematurely filed if the vendor had absolutely repudiated the contract. Obviously, the same principles there discussed are applicable to a vendor's suit after absolute repudiation by the vendee. Indeed one of the authorities there cited was a vendor's suit filed after repudiation of the contract by the vendee and before the contract day for performance. I find no reason to modify the views expressed in *Stein* v. *Francis, supra.*

3. It is next urged on behalf of defendants that by reason of a penalty clause contained in the contract, the contract must be understood as alternative in its nature and authorizing defendants to forfeit or surrender the $1,000 which they had paid and be thereby released from the obligation to accept the land and pay the balance of the purchase price.

As already stated, in the letter in which defendants absolutely repudiated the contract and declined "to take the property under any circumstances," they also demanded the return of the $1,000 which they now offer to surrender as liquidated damages.

But aside from that circumstance, it seems clear that the contract cannot be understood as alternative.

The material language of the contract is as follows:

"The said party of the first part agrees to sell and convey to the said party of the second part, who agrees to purchase property known and numbered as 116 East Walnut avenue, in the borough of Merchantville, county of Camden and State of New Jersey, with lot 70 x 150 feet, more or less, on the terms and conditions following. to wit: The said party of the second part agrees to pay for the said property the sum of twelve thousand ($12,500) five hundred dollars, as follows: One thousand dollars on the signing of this agreement (which deposit shall be forfeited to the said party of the first part as liquidated damages in case of the default by the said party of the second part in the performance of the terms of this agreement) and the balance of the purchase-money as follows: The balance of $11,500 in cash at time of final settlement. The premises are to be conveyed free and clear of

all encumbrance and easements. The gas and electric light fixtures, heaters, ranges, &c., annexed to the said building are included in the sale. Possession is to be given within ten days from the date hereof; if possession is not given within that time the above deposit to be returned.

"Taxes, water rent, house rent and interest on encumbrance (if any) to be apportioned for the current term.

"Gas and electric light bills, if any, to be paid by the seller.

"The title is to be such as will be insured by any reputable title company.

"And the said parties hereby bond themselves, their heirs, executors and administrators, for the faithful performance of the above agreement within forty-five days from the date hereof, said time to be the essence of this agreement, unless extended by mutual consent in writing endorsed hereon."

No circumstances have been disclosed in aid of the terms of the contract as above quoted. From its terms it is urged that it is alternative in its operation. The relevant adjudications in this state, so far as they have been brought to my attention, are the following: *St. Mary's Church* v. *Stockton, 8 N. J. Eq. 526; Crane* v. *Peer, 43 N. J. Eq. 553; O'Connor* v. *Tyrrell, 53 N. J. Eq. 15; Brown* v. *Norcross, 59 N. J. Eq. 427; Avon Land Co.* v. *Thompson, 60 N. J. Eq. 207; American Ice Co.* v. *Lynch, 74 N. J. Eq. 298; Porter* v. *Williams, 93 N. J. Eq. 88.*

From these authorities the rule is well defined, to the effect that there must be something apart from the fact that there is a provision for liquidated damages to show that its payment is to be the equivalent for performance. There must be found in the engagement a contemplated alternative whereby the parties are given an option to perform or to refuse to perform and pay the specified damages. That alternative engagement is easily expressed, and if relied upon should appear with reasonable clearness and certainty. *Porter* v. *Williams, supra,* is in no way inconsistent with these views. There the odd amount of the liquidated damages was apparently fixed to cover the contingency of the vendor's inability to perform in case she failed to procure her divorce in the suit then pending for that purpose, the amount fixed having been about equal to the rent then to be due from the vendee to the vendor, plus the $600 that had been paid. All the circumstances were

there held to indicate an alternative contract based upon and made necessary by the possible inability of the vendor to get her divorce, in which contingency it appears to have been assumed by the parties that she would not be able to convey.

4. It is next urged that the decree should be opened to permit an answer to be filed settting forth as a defence the fact that the agreement of sale which was signed by complainants was not acknowledged and the title to the land to be conveyed was in complainant Clara Rittenhouse, wife of the co-complainant.

Since *Corby* v. *Drew, 55 N. J. Eq. 387,* it has been uniformly held in this state that where a contract by a married woman and her husband to convey her land is not acknowledged by her as required by our statute, the vendee cannot enforce the contract. *Schwartz* v. *Regan, 64 N. J. Eq. 139; Goldstein* v. *Curtis, 63 N. J. Eq. 454; Ten Eyck* v. *Seville, 64 N. J. Eq. 611; Saldutti* v. *Flynn (New Jersey Court of Chancery),* 65 *Atl. Rep. 246; Chassman* v. *Wiese, 90 N. J. Eq. 108; Schwabinger* v. *Saxon, 92 N. J. Eq. 461; Binns* v. *Smith, 93 N. J. Eq. 33.*

It is also a general rule, subject to certain exceptions, that specific performance of a contract will not be decreed in any case where mutuality of obligation and remedy does not exist at the time of rendering the decree. *Richards* v. *Green, 23 N. J. Eq. 536* (at *p. 537*); *Ten Eyck* v. *Manning, 52 N. J. Eq. 47.*

But the evidence discloses that complainants have at all times not only desired to convey to defendants but have now acknowledged the contract of sale, and have also executed and acknowledged a deed of conveyance to defendants which they tender. Assuming that there may not have been mutuality of remedy in the first instance, such mutuality clearly exists at this time. Will this court open the decree to permit defendants to file an answer which will avail them nothing? Can the defence be said to be a defence going to the merits of the case when the defence which is now sought to be made cannot be successfully made?

I am convinced that the application to open the decree for the purposes of making the defences specified must be denied.