The bill in this case was filed for the specific performance of a contract for the sale of lands, dated July 31st, 1916, which was made between the complainant, Ella A. Randolph, and the defendant the General Investors Company.
The defendants rely upon five grounds for the dismissal of the bill as to both defendants, and one ground for dismissal as to Frank B. Colton. *Page 228 
The first ground is that, because of the provision in the contract for liquidated damages, the complainant is not entitled to a decree of specific performance, but should be left to her action at law. The clause in question reads as follows:
"And for the performance of all and singular the covenants and agreements aforesaid the said parties do bind themselves and their heirs, executors, administrators and successors, respectively, and they hereby agree to pay, upon failure to perform the same, the sum of two thousand dollars, which they hereby fix and settle as liquidated damages therefor, but any payment made by the second party on account of the purchase price hereunder shall not be construed or taken as part of said sum so agreed upon as liquidated damages."
There must be something more than a provision for liquidated damages to show that payment of the amount fixed is to be equivalent to performance. The alternative engagement should appear with reasonable clearness and certainty. Rittenhouse v.Swiecicki, 94 N.J. Eq. 36; see, also, Crane v. Peer, 43 N.J. Eq. 553;Brown v. Norcross, 59 N.J. Eq. 427.
Secondly, the defendant claims that specific performance should not be decreed, because at the time fixed for the passing of title the property was encumbered by a judgment of $55.05. This contention is disposed of in the case of Gerba v. Mitruske,84 N.J. Eq. 141.
Third. Defendants claim that the complainant has been guilty of laches. I cannot agree with this contention, as the testimony clearly shows that complainant made every effort to consummate the contract, and the delay was largely the fault of the defendant.
Fourth. The defendants say that complainant is barred by the statute of limitations. The defendant made a payment on account within six years, as appears by the testimony of the complainant, and also the testimony of Frank B. Colton. Moreover, a suit for specific performance is analogous to a real or mixed action for land, which may be brought within twenty years.
Fifth. The defendants insist that the title is not marketable because of the grant to erect and maintain a line of telephone poles and wires on the property. The General Investors *Page 229 
Company, the defendant, went into possession of the property and received rent for it. Mr. Colton, acting for the defendant, made a search of the title and disclosed this grant to the telephone company. The vendee took possession with knowledge of this grant and remained in possession without objection. Therefore, in my opinion, it waived this encroachment.
Sixth. The defendant Frank B. Colton alleges the bill should be dismissed as to him because he is not a party to the contract, which is under seal. I think there is no merit in this objection, and it is unnecessary to discuss it in detail.
Therefore, the legal objections raised by the defendant having, in my opinion, no merit, I will grant the prayer of the complainant for specific performance.