The bill in this cause is filed to recover from the defendant the sum of $6,250 on an agreement entered into between the complainant and defendant on January 26th, 1923, a copy of which is as follows:
 "Shupe Terminal Corporation, Lincoln Highway and Passaic River, Kearny, N.J.
January 26, 1923.
In consideration of the purchase by Mr. M. Howard Bronsdon, Jr., of five thousand dollars [$5,000] worth of stock of the Shupe Terminal Corporation at $50.00 per share, we hereby agree to employ him at a salary of $50.00 per week;
And furthermore, should he be dissatisfied with his purchase and elect to dispose of the said stock, I hereby agree to redeem the said stock within one year from date at a price of $62.50 per share, or *Page 68 
$125.00 for every $100 invested by him in the Shupe Terminal Corporation.
It is also agreed that Mr. Bronsdon will be elected to the Board of Directors at the next meeting.
 [Signed] WM. F. SHUPE. FRED NOLTA."
The complainant bought one hundred shares of stock and paid $5,000 for the same. Afterwards, and before the end of the year, he became dissatisfied with his purchase and was discharged in August, 1923. He made a demand upon the defendant for $6,250, and tendered a return of the stock, which tender was refused.
The bill was filed on September 7th, 1923.
The sole question presented is whether the complainant has an adequate remedy at law, thus ousting this court of jurisdiction? This point is not directly raised by the answer. In the fifth defense the defendant says: "In lieu of a motion to strike out the bill of complaint in this case defendant reserves the right, at or before the hearing of this cause, to move to strike out the bill of complaint on the ground that it presents no grounds of equitable relief." Objection is made by the complainant that this clause in the answer does not raise the question of jurisdiction, and, therefore, should not be considered. I have concluded, however, not to consider this objection, but rather to decide the case on its merits.
The defendant concedes that the only point to be decided by the court is that of jurisdiction, and waives the other points raised by his answer. He also concedes "that the general rule in this country is that where stock cannot be readily obtained except from a party to the contract, by the prevailing rule in this country specific performance may be had," but contends that that relief can only be granted to the vendee and not to the vendor, and asserts, as a preliminary point, that the court will not enforce specific performance for lack of mutuality. I may readily pass this point with the observation that when the complainant filed his bill, exercising his option, the contract then became mutual. Richards v. Green, 23 N.J. Eq. 536; McVoy v.Baumann, *Page 69 93 N.J. Eq. 360 (at p. 378); Rittenhouse v. Swiecicki,94 N.J. Eq. 36 (at p. 40).
The complainant contends that the court has jurisdiction because this stock is not procurable in the market, and its pecuniary value is not readily ascertainable. The defendant, on the other hand, contends that it is "on the market," and its value readily ascertainable. No stock of the company was attempted to be sold, except to a few persons in small lots, prior to August 20th, 1923, and this stock was sold by the company or its officers. It was not, in any sense, placed "on the market" for sale. The first attempt to sell the stock, apparently, appears from an insertion of an advertisement in the "Newark Sunday Call" of September 16th, 1923, which was after this bill was filed. It is perfectly apparent, from the whole case, that prior to August 20th there was no market for the sale of this stock, excepting to the defendant and its officers. It was a close corporation, the defendant holding twenty-six thousand shares of the common out of a total of thirty thousand, of which latter four thousand the company retained two thousand six hundred, and of the one thousand four hundred remaining shares I assume that five hundred were those purchased and held by the complainant. Under such circumstances, I cannot see where there was such a "market" for this stock, in the eye of the law, that the complainant would be bound to sell the same at any price he might obtain and sue the defendant for the deficiency. This court, therefore, has jurisdiction to compel specific performance of the contract. Safford v. Barber, 74 N.J. Eq. 352; Rothholz
v. Schwartz, 46 N.J. Eq. 477.
 The decree will be for the complainant. *Page 70