Since Crane v. Peer, 43 N.J. Eq. 553, it has been uniformly held in this state that the mere presence of a stipulation for liquidated damages for breach of a contract of this nature does not make the contract an alternative one. As expressed by Vice-Chancellor Reed in Avon-by-the-Sea Land Improvement Co. v.Thompson, 60 N.J. Eq. 207, 211, "there must be something apart from the fact that there is a provision for liquidated damages to show that its payment is to be the equivalent for performance." The general view is that the primary object of contracts of this nature is deemed to be performance, not non-performance, and it is not to be presumed that stipulated damages for non-performance is intended to defeat that primary object in the absence of terms of the contract or its relation to the subject-matter which adequately disclose the contrary to have been the intent of the parties. The cases in this state supporting that view are the following: Crane v. Peer, supra; Brown v. Norcross, 59 N. *Page 454 J. Eq. 427; Avon-by-the-Sea Land Improvement Co. v. Thompson,supra; Myers v. Steel Machine Co., 67 N.J. Eq. 300; Resnick v.Campbell, 68 N.J. Eq. 348; American Ice Co. v. Lynch, 74 N.J. Eq. 298; Porter v. Williams, 93 N.J. Eq. 88; affirmed, Ibid.505; Rittenhouse v. Swiecicki, 94 N.J. Eq. 36; Coltinuk v.Hockstein, 95 N.J. Eq. 513; Randolph v. General InvestmentCo., 96 N.J. Eq. 227. An extended review of authorities in other states will be found in 32 A.L.R. 584, et seq.
No circumstances are here disclosed in aid of the terms of the contract above quoted.
It is urged in behalf of the motion that the word "only," as there used, adequately discloses an intent of the parties to give to the damage clause a force the reverse of that ordinarily attributed to clauses of that nature. The word "only," as there used, may be given appropriate force in the defined purpose of the parties to fix a given amount as the measure of damages in the event of non-performance; consistently with the authorities above cited, the word, as there used, cannot be understood as disclosing an additional purpose of the parties to confer an exemption from performance at the option of the defaulting party.
In the motion which has been filed it is specified that the contract is not in the alternative. I have assumed that this was intended by counsel as a specification to the effect that the contract is in the alternative.