Proceedings were had in this court, which resulted in an order dated March 8th, 1926, naming a special guardian and directing him to sell certain real estate. By virtue thereof. negotiations were entered into with one Morris Bloom, which resulted in the execution of an agreement, wherein said guardian agreed to sell certain lands and premises, and the purchaser agreed to make certain payments therein mentioned
Clause 3 and clause 8 of the agreement are as follows:
"3. The sum of $1,250 has been deposited with the West Jersey Trust Company as such special guardian at or before the execution of this agreement. Settlement shall be made within sixty days from the date of confirmation of sale by the court of chancery, at the office *Page 446 
of the West Jersey Trust Company, Camden, New Jersey, and in case the party of the second part fails for any reason to make settlement as herein provided the total sum of $1,250 deposited by the party of the second part shall be retained by the party of the first part without the necessity of tender of a deed, deeds or assignments, as liquidated damages without any further liability of any kind whatsoever, hereunder to the party of the second part."
"8. If, for any reason, the party of the first part is unable to convey the title which it hereby agrees to convey whether through failure to secure the confirmation of sale by the court or otherwise, the party of the first part shall return to the party of the second part the moneys deposited with it hereunder and this agreement shall be at an end and no further or other action shall be taken hereon."
I can do no better than to quote Vice-Chancellor Leaming inNolan v. Kirchner, 98 N.J. Eq. 452:
"Since Crane v. Peer, 43 N.J. Eq. 553, it has been uniformly held in this state that the mere presence of a stipulation for liquidated damages for breach of a contract of this nature does not make the contract an alternative one. As expressed by Vice-Chancellor Reed in Avon-by-the-Sea LandImprovement Co. v. Thompson, 60 N.J. Eq. 207, 211, `there must be something apart from the fact that there is a provision for liquidated damages to show that its payment is to be the equivalent for performance.' The general view is that the primary object of contracts of this nature is deemed to be performance, not non-performance, and it is not to be presumed that stipulated damages for non-performance is intended to defeat that primary object in the absence of terms of the contract or its relation to the subject-matter which adequately disclose the contrary to have been the intent of the parties. The cases in this state supporting that view are the following: Crane v. Peer, supra;Brown v. Norcross, 59 N.J. Eq. 427; Avon-by-the-Sea LandImprovement Co. v. Thompson, supra; Myers v. Steel MachineCo., 67 N.J. Eq. 300; Resnick v. Campbell, 68 N.J. Eq. 348;American Ice Co. v. Lynch, 74 N.J. Eq. 298; Porter v.Williams, 93 N.J. Eq. 88; affirmed, Ibid. 505; Rittenhouse v.Swiecicki, 94 N.J. Eq. 36; Coltinuk v. Hockstein, 95 N.J. Eq. 513; Randolph v. General Investment Co., 96 N.J. Eq. 227. An extended review of authorities in other states will be found in32 A.L.R. 584, et seq." *Page 447 
The question then, as in that case, is, Does the third clause above quoted adequately disclose an intent to give to the damage clause a force, the reverse of that ordinarily attributed to clauses of that nature?
The wording is specific that "in case the party of the second part fails for any reason to make settlement * * * the total sum of $1,250 shall be retained * * * as liquidated damages, without any further liability of any kind whatsoever, hereunder to the party of the second part." Could language be clearer that it was meant that "liability" was not limited to the amount of damages to be sustained, but extend to any liability whatsoever.
The party of the first part agreed in the event it was "unable to convey, whether through failure to secure the confirmation of sale by the court or otherwise, the party of the first part shall return the money deposited, and this agreement shall be at an end, and no further or other action shall be taken thereon."
It is manifest that both parties to this agreement meant it to be one not subject to a bill for specific performance.
The application will be dismissed.