ISAAC COLTINUK and RACHEL COLTINUK, his wife, complainants,

*v.*

LENA HOCKSTEIN and JOSEPH HOCKSTEIN, her husband, defendants.

[Decided February 28th, 1924.]

1. A contract for the sale of lands is not in the alternative where it provides that the vendor shall have a year to pay certain encumbrances, the vendee meanwhile occupying the premises under a lease.

2. Where the performance of a contract for sale of lands was extended for one year to enable the vendor to pay off certain encumbrances, which he did not entirely succeed in doing, and the vendee informs the vendor that he will take the property subject to the encumbrances existing at the end of the time to which the performance of the agreement was extended, he is entitled to a decree for specific performance of the contract as extended.

On bill, &c.

*Mr. Carl Olsan (Mr. Merritt Lane,* of counsel), for the complainants.

*Messrs. Dembe & Dembe (Mr. Maximilian T. Rosenberg,* of counsel), for the defendants.

CHURCH, V. C.

This is a case for specific performance of a contract for the sale of land. This contract was dated May 21st, 1918. On

that day the title did not pass because there were certain encumbrances on the property which aggregated more than the price to be paid. Therefore, the parties entered into a supplemental agreement which reads as follows:

"That the said Hockstein [the defendant] shall have an additional year in which to perfect his title, and should the said Hockstein at any time within a year from the 1st day of August, 1918, discharge the various encumbrances existing against the same so that he can convey the premises in accordance with the contract. then and in that event Isaac Coltinuk [the complainant] agrees to accept the said premises as provided for in said agreement at any time within the year following the 1st day of August, 1918, upon receiving four weeks' notice of the fact that the premises are ready to be conveyed by the said Hockstein."

The contract provided also that the complainant Rachel Coltinuk should enter upon the premises as a tenant, and provided further:

"The said tenancy shall commence on the 15th day of September, 1918, and continue until such time as the said Hockstein will be in a position to carry out the agreement of May 21st, 1918, heretofore mentioned upon the terms therein stated, and upon the day set for the passing of title under the said agreement as herein stated the tenancy shall immediately come to an end."

The agreement further provides that if title did not pass as of August 1st, 1919, because of the *inability* of the defendants to make title, Rachel Coltinuk should continue in possession for an additional period of four years at a certain stipulated monthly rental. The agreement provided also that its provisions should constitute all terms of settlement, and that if the defendant was *unable* to convey the premises on the 1st of August, 1919, the complainant should have no claim against them other than for the lease.

On the 1st of August, 1919, certain encumbrances were satisfied; others were not. The defendant Hockstein wrote a letter saying he would not be able to close the title on account of the encumbrances, which he alleged he was still unable to clear off. Complainants replied that they would insist upon a conveyance.

The defendants' first point is that the contract is alternative, and therefore, because of defendants' inability to perfect title by discharging encumbrances, the complainants should have no claim other than that which arises from the lease. I do not think that the contract was in the alternative. Counsel has cited the case of *O'Conner* v. *Tyrell, 53 N. J. Eq. 15,* in which the contract under discussion contained a provision that, in the event of the failure of the vendors to deliver the deed, the vendors would pay back the consideration money, and in addition a sum not exceeding $1,250, such payment to be accepted by the party of the second part as liquidated damages. The vice-chancellor held, in effect, that this was not a contract in the alternative. In *Crane* v. *Peer, 43 N. J. Eq. 553,* the advisory master says: "Alternative contracts are such as by their terms may be performed by doing either of several acts at the election of the party from whom performance is due. Performance in one of the modes is a performance of the entire contract, and no question of damages arises. Stipulating the damages and promising to pay them in case of default in the performance of an otherwise absolute undertaking does not constitute an alternative contract." When we consider the facts in the case at bar, it appears that in 1918 the defendants were unable to carry out the contract, and the additional agreement was made to hold Hockstein in his endeavors to so perfect his title that, on August 1st, 1919, he could convey it.

I therefore find as to the first contention of the defendants that the contract was not in the alternative·

It appears also that on August 1st, 1919, the complainant demanded a conveyance of the property. There were at that time some liens still unsatisfied, but complainants informed defendants that they would be willing to take the property subject to whatever liens might appear of record; and it further appears that the amount of these liens was easily ascertainable. The question involved here seems to be as to what is the meaning of the defendants' *inability* to convey. I cannot see how this defendant can plead *inability* when complainants are willing to take title subject to encum-

brances, the amount of which can be easily ascertained and deducted from the agreed upon purchase price.

Considering the testimony in the case, I am, inclined to think that the *inability* of the defendant arises largely from the fact that the property in the meantime has risen in value and that he does not wish to convey, because if this action for specific performance be dismissed, he can sell to someone else at a higher value. It would, in my opinion, be inequitable to permit defendant to take adantage of legal technicalities for his own aggrandizement.

I think the other points raised by the learned counsel for the defendants are immaterial to the issue, in view of the reasons stated above.

I shall therefore advise a decree for specific performance.