This is a bill for specific performance by complainant against defendants for a certain property on South Centre street, Orange, New Jersey.
The contract of sale was executed October 16th, 1923, and the vendee, the complainant herein, made a payment of $500 to the vendor. Title was fixed to pass at the office of the Fidelity Union Trust Company on July 9th, 1923. Vendor and vendee met at that time and place, and the vendor, the defendant herein, executed a deed, which was tendered, and the apportionments called for in said agreement of sale were made. Title did not pass, the defendant herein alleging that the complainant did not have the purchase-money; the complainant alleging that it was informed of certain defects in the title. On December 7th, 1923, the parties again came together, and the defendant herein, the vendor, tendered the complainant a warranty deed, excepting from the warranties *Page 441 
the alleged encroachment and defects in the title. This was refused, and thereupon a straight warranty deed was offered, but this also was refused.
There appears in the evidence a letter from the solicitor of the vendor to the solicitor of the vendee, which says, among other things, "it is first understood that you are to take title as is." The reply says, inter alia, "on the day fixed by you as satisfactory to all concerned, we will take title as stated in your letter of November 30th."
On or about March 17th, 1924, about nine months after the last tender, a bill was filed for specific performance. At the trial, counsel for the complainant stated, in response to this question by the court: "But you are not willing to take the property in the condition that it is now? A. Yes, if we are allowed the abatement." After further questioning, counsel stated that they were willing to take the title as it is.
There is a direct conflict of evidence as to whether or not there were any defects in the title. I admitted in evidence, after some hesitation, certain sheets of paper purporting to constitute a search by the Fidelity Trust Company on the property, which show encroachments. On the other hand, Mr. Arthur Seymour, a reputable member of the bar, took the witness-stand and produced a search he had made on the property, which showed no encroachments.
I shall assume, for the purpose of this opinion, that there were encroachments, but I shall also assume, from the evidence in the case, that the defendant, the vendor, was ignorant of the fact that there were encroachments when the contract of sale was signed. Under these circumstances, therefore, the question arises as to whether or not this court should compel a transfer of this property at this time, when, as is admitted, the property has appreciated considerably.
The vendee had two opportunities to secure this title. At the first meeting he was informed of the encroachments, and probably was justified in declining to take the title, but at the second meeting, knowing of the encroachments, and having had time to consider them, he still declined to take a warranty deed, although, as he said at the hearing in the *Page 442 
case, "we have found out that the cost will be so small to cure one of the defects, we would take it as it is." It seems to me that it is unfair to the defendants to permit the complainant to delay a considerable time after his refusal to take title, defects and all, and then decide, in view of the increase in value of the property, that he will take it.
Vice-Chancellor Pitney, in the case of Planer v. EquitableLife Assurance Society, 37 Atl. Rep. 668, said (at p. 671):
"Coming now to the question of the right of the complainant to specific performance, it is to be observed that, at the time the contract was made, the officers of the company, as we have seen, had no knowledge or suspicion that their title did not cover what they understood they contracted to convey."
He further says:
"A vendee * * * must show that the defendant undertook to convey what he knew he did not own." Pom. Spec. Perf. Cont. ¶442 § 245.
He further says:
"In the meantime there has been some change in the value of the property. * * * Under these circumstances I do not see my way to advise any decree against the defendant, and must, therefore, advise that the complainant's bill be dismissed, with costs, and the contractual letter be declared invalid as a contract and delivered up."
I shall therefore advise a decree dismissing the bill. I think, however, that the vendor should return to the vendee the deposit of $500, with proper interest.
My attention has been called to the case of Coltinuk v.Hockstein, 95 N.J. Eq. 513. I think that this case, if it has any bearing at all, supports the opinion as I have above written. In the one case the defendant refused to convey, although the complainants said they would be willing to take title subject to whatever liens might appear. In the case at bar the defendants seek to compel complainants to convey, when they had theretofore refused on account of liens. The cases are similar in this respect, that in each case failure to come to an agreement arose from an increase in value of the property. *Page 443