After this cause was decided counsel for the complainants suggested that the question of specific performance, with an abatement of the purchase price, had not been sufficiently argued. Leave to reargue this point was given.
The complainants cite Luczak v. Mariove, 92 N.J. Eq. 377;affirmed, 93 N.J. Eq. 501. This case does not support the complainant's theory. There, while the contract was not acknowledged by the wife prior to the date fixed for passing the title, she did execute and acknowledge, with her husband, a deed to the complainant, which the husband afterwards destroyed, which destruction it does not appear that she consented to, or that she knew of it; and the court said, "and her execution and acknowledgment of the deed may be taken as evidence that she was willing to release her right of dower."
In Rittenhouse v. Swieciki, 94 N.J. Eq. 36, there was a clause in the contract which provided for the payment of a thousand dollars on the signing of the agreement, "which deposit shall be forfeited to the said party of the first part as liquidated damages in case of the default by the party of the second part in the performanace of the terms of this agreement." Vice-Chancellor Leaming decided that such a clause did not preclude the filing of a bill for specific performance. This case does not aid the complainants. *Page 93 
In Coltinuk v. Hockstein, 95 N.J. Eq. 513; affirmed, 3 N.J.Adv. R. 168, the defendant owner made a contract with the complainant to sell certain lands. In that case there was a supplemental contract giving the owner an additional year within which to perfect his title and discharge the various encumbrances existing on the lands, in accordance with the contract. The agreemeent further provided that if title did not pass as of August 1st, 1919, because of the inability of the defendant to make title, complainant might continue in possession for an additional four years at a certain stipulated monthly rental. The agreement also provided that if the defendant was unable to convey the premises on the 1st of August, 1919, the complainant should have no claim against the defendant other than for the lease. The court said: "The question involved here seems to be as to what is the meaning of the defendant's inability to convey. I cannot see how this defendant can plead inability when the complainants are willing to take title subject to encumbrances, the amount of which can be easily ascertained and deducted from the agreed-upon price." The argument was made that the contract was in the alternative; the court found to the contrary.
In Epstein v. Mundweiler, 97 N.J. Eq. 375, the contract provided that if the title be found defective then the vendor was to pay back to the vendee his $550 deposit and pay him $150 additional to cover his costs and disbursements for searches. Vice-Chancellor Foster held that this provision of the contract was primarily for the vendee's benefit. It was for him to elect, and it was, in a secondary sense, for the protection of the defendants, in that it limited the amount of damages that complainant could claim by reason of the defective title. Complainant elected to take the defective title and pay the purchase price in full, and not to have his deposit returned to him.
In the foregoing cases the clauses were inserted for the benefit of the vendee. Here there was an exchange of properties, and the clause inserted was for the benefit of both parties, namely, that, if either party was unable to perform, the contract was to be at an end, and neither party was to *Page 94 
be liable to the other thereunder; and, in order to effectuate this, as the party of the first part received a deposit of $500, which was paid as the difference between the values of the properties to be exchanged, this sum was to be returned by the defendants to the complainants.
The defendants cite Bateman v. Riley, 72 N.J. Eq. 316, andStein v. Francis, 91 N.J. Eq. 205, which support the rule that where the wife of the vendor has not signed the contract of sale and refuses to sign the deed, neither abatement of purchase price nor indemnity against the inchoate right of dower of the wife will be decreed, unless the wife's refusal has been induced by the husband. The situation here presented, while somewhat different, does not take the case out of the above rule. Here the wife signed the contract, but did not acknowledge it. Her signing the contract, if there was any evidence to support the theory that she was induced by the husband not to sign the deed, would be regarded as some evidence of willingness to carry out the contract by signing the deed; but here there was no evidence whatsoever that the husband in the slightest degree influenced his wife not to sign the deed.
There is also absent from this case what has frequently appeared in others, namely, that the refusal of the wife to convey was due to an increase in the value of the property, or other circumstances which would move the defendants not to convey.
I, therefore, see no reason to change the view expressed in my memorandum filed March 2d 1925. *Page 95