CHARLES T. OAKES *vs.* MANUFACTURERS' FIRE & MARINE
INSURANCE COMPANY.

Suffolk.    Jan. 16. — June 27, 1883.    FIELD & W. ALLEN, JJ., absent.

In an action upon a policy of insurance, conditioned to be void if the property in-
sured should be " sold or conveyed in whole or in part," oral evidence is admissi-
ble to prove that the plaintiff informed the defendant that there had been a
conveyance of the property, at the same time that he informed the defendant
of the existence of an outstanding mortgage on the property made before the
policy was issued; and that the defendant thereupon indorsed on the policy its
consent to pay the insurance in case of loss to the mortgagee named in the
mortgage, and redelivered the policy to the plaintiff.

HOLMES, J.    This is an action upon a policy of insurance
conditioned to be void if the property should be " sold or con-
veyed in whole or in part."    The plaintiff subsequently con-
veyed through a third person to his wife, and the answer sets
up the conveyance as a breach of condition.    It has already
been decided that the condition was broken by the conveyance.
*Oakes* v. *Manufacturers' Ins. Co.* 131 Mass. 164.    But at a sec-
ond trial the plaintiff offered to prove that he went to the office
of the defendant company, and orally notified it of the convey-
ance and of a mortgage, which was made before the policy and
was still outstanding, and requested the defendant to cure the
defect in the policy caused by the conveyance, and handed the
policy to the defendant for that purpose; and that, at that time,
and upon said request, the defendant made the following in-
dorsement on the policy: " Boston, Aug. 29, 1877.    Pay the
within insurance of Sixteen Hundred Dollars on House in case
of loss to the Andover Savings Bank.    Chas. T. Oakes.    As-
sented to Aug. 30, 1877.    Jas. J. Goodrich, *Secretary.*"    That
said policy was then redelivered by the defendant to the plaintiff,
and no return of premium, or any portion thereof, was made.
The court excluded the evidence, and directed a verdict for the
defendant.

The plaintiff's insurable interest is admitted, and the defend-
ant supports this ruling and direction on the single ground that
the plaintiff's offer was an attempt to modify and enlarge the
effect of the written indorsement by evidence of contemporaneous

oral dealings, and to import into it, or establish alongside of it, a larger scope or transaction than can be gathered from its words. No other question is raised.

In the opinion of the court, the evidence was admissible. To begin at a little distance from the ground of the chief contention, the highest authorities have declared that the condition against alienation does not take away the defendant's power to waive a breach and to continue the insurance in force, and that a new consideration is not necessary for this purpose. *Titus* v. *Glen Falls Ins. Co.* 81 N. Y. 410, 419. *Wheeler* v. *Watertown Ins. Co.* 131 Mass. 1, 8. *Insurance Co.* v. *Norton,* 96 U. S. 234. A condition subsequent can rarely be meant to deprive the party for whose benefit it is inserted of his choice in this respect. Hence a contract which is subject to such a condition is usually construed to provide by its own terms that it shall remain in force after a breach, unless by some overt act the contractor shall manifest his election to avoid it, or if by some overt act he shall manifest his election to affirm it, as the case may be. It follows that, if he elects to remain bound, he remains so by force of the original contract, and on the original consideration.

It might be said that this reasoning applies to a condition subsequent, strictly so called, which goes to the whole contract, and which, if insisted on, avoids it *ab initio*, but that the proviso in this case only limits the scope of the promise and the extent of the risk assumed. And then it might be argued further, that the scope of a promise cannot be enlarged without a new consideration. The answer is, that, even taking it that way, by the same settled construction that reads " void " as " voidable," the limitation of the promise is itself conditional, and that the original promise is to insure throughout the term, in spite of an alienation, in case the insurer manifests an election to keep the insurance on foot.

Whether it be said that the contract remains subject to affirmance after an alienation, or that the promise is alternative to insure up to or beyond that event, at the election of the promisor, all that is necessary to impose the greater burden on the insurer is an overt act directed toward the insured and manifesting an election to assume that burden. And it is enough that

the act implies that the insurance is to continue, although its immediate purpose is some further result.

Thus, where, as here, the thing set up as manifesting the election is a writing, the election need not be expressed in the words used. The writing may contain no reference to the breach of condition, yet if the undertaking which it does set forth carries with it, as the necessary premise, that the insurer was content to remain bound, he will remain bound as certainly as if he had written out that such was his intention.

Of course, however, if the act thus relied on as an indirect election be shown to have been done in ignorance of the breach of condition, it will not continue the insurance unless in the exceptional case where the insurer has acted with indifference to what the facts might be, and has assumed to act with equal effect however they might turn out. Parol evidence is therefore admissible to show that the insurer knew of the breach at the time of the act relied on.

The application of the foregoing principles to this case is obvious. The defendant had the power to continue the insurance if it chose. When, at the request of the plaintiff, it indorsed upon the policy its consent to pay the insurance, in case of loss, to the mortgagee, it did an act which necessarily assumed that the contract remained in force ; for by such an indorsement it necessarily admitted and affirmed that, in case of loss, money would be due and payable to some one under the contract. Such an affirmation was an overt act of election to continue the insurance, provided the act was done with knowledge that the condition had been broken. But this indirect effect of the indorsement as an act of election depended upon the defendant's having such knowledge. Hence evidence that the conveyance had been communicated to the company was most material, not as tending to enlarge the writing or add a further agreement, but as showing that the condition attached by the law to the operation of the indorsement as an act of election had been satisfied.

*Barrett* v. *Union Ins. Co.* 7 Cush. 175, was cited on behalf of the defendant. In that case, a policy was issued by a mutual company, subject to a by-law, which formed part of the contract, to the effect that all policies upon property previously

insured should be void, unless such previous insurance was mentioned in the policy at the time it was issued. There was previous insurance not mentioned in the policy; and it was rightly held that, in an action on the policy, parol evidence was inadmissible to show that this had been made known to the company and assented to by it. The evidence would have directly contradicted the written instrument declared on. The policy in effect stipulated that its delivery should not make a contract if there was previous insurance not mentioned. The evidence went to show that delivering the policy made a contract, notwithstanding such insurance; or, in other words, that the condition precedent was not insisted on at the very moment when, by the words of the policy, it was insisted on. The other cases cited do not require special notice.

To avoid misapprehension, it may be well to add that this case is not affected by the clause providing that the policy may continue for the benefit of the purchaser, if the company consents, &c. The plaintiff claims in his own name, under the contract made with him, which he made voidable by his act, but which he says he can prove the company elected to affirm. The power of the company to elect in favor of the contract is not dependent upon any printed clause, but is given to it as legally incident to a condition subsequent. *Exceptions sustained.*

*P. West,* (*J. F. Andrew* with him,) for the plaintiff.

*E. W. Hutchins & H. Wheeler,* for the defendant.