# R. HYNSON ROGERS ET AL.

## vs.

## J. FORD DORRANCE.

*Specific Performance—Forfeiture Clause—Liquidated Damages—Election—Diminished Benefit from Contract.*

That a contract for the sale of land provides that, in case the vendee fails to perform the covenants and stipulations thereof, all sums paid on account of the purchase money, and all buildings erected on the land, and all crops planted thereon, shall be forfeited to the vendors as liquidated damages, does not preclude the vendor from resorting to a court of equity for relief by way of specific performance.  pp. 424, 428

A provision, in a contract for the sale of land, that in case of default by the vendee, all cash payments made by him on account of the purchase money, and the buildings and crops on the land, shall be forfeited and retained by the vendors as liquidated damages for the breach, and the contract shall be void, is for the exclusive benefit of the vendor, and the vendee cannot, by his own default, put an end to the contract.  p. 424

While specific execution is a matter not of absolute right in the party, but of sound discretion in the court, yet if a contract respecting real property is in writing and is certain and fair in all respects, for an adequate consideration, and capable of being performed, it is as much a matter of course for a court of equity to decree specific performance thereof as it is for a court of law to give damages for its breach.  p. 425

That the vendors instituted suit to obtain an injunction restraining the vendee from taking possession of the property sold, in violation of the express provision of the contract of sale, did not involve an election on their part not to demand performance of the contract, the vendors' agent having informed the vendee, a few days previously, of their readiness to execute the deed for the property, and tendering such deed a few days later.  pp. 425, 426

Misrepresentations, to constitute a defense to a suit for specific performance, must have been relied on by the defendant.

p. 426

If the contract was, at the time at which it was entered into, certain, mutual, and fair in all its parts, and for an adequate consideration, it is immaterial that, by force of subsequent circumstances, it has become less beneficial to one party, unless such change is in some way the fault of the party seeking its specific execution.                                    p. 426

*Decided January 26th, 1922.*

Appeal from the Circuit Court for Harford County, In Equity (HARLAN, J.).

Bill by R. Hynson Rogers and others against J. Ford Dorrance. From a decree for defendant, plaintiffs appeal. Reversed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*C. W. Perkins* and *Herbert Levy,* with whom was *Thomas H. Robinson* on the brief, for the appellants.

*S. Scott Beck* and *Charles C. Wallace,* with whom was *R. H. Archer, Jr.,* on the brief, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The bill of complaint in this case was filed in the Circuit Court, for Harford County, on the 18th day of January, 1921, by the appellants against the appellee, for the specific performance of a contract for the sale of certain real estate, known as the "Denny Farm," situate in the Sixth Election District of Kent County, Maryland, containing six hundred and twenty-eight acres of land, more or less.

The contract of sale is in writing and is dated the 21st of May, 1920. It provides in part that the appellants do bargain and sell unto the appellee the property described in the contract at and for the sum of fifty thousand dollars, and the purchase money to be paid as follows: three thousand dollars on June 1st, 1920; three thousand dollars on August 1st, 1920; fourteen thousand on or before January 2nd, 1921, and the balance of thirty thousand dollars in three years, accounting from the second day of January, 1921.

The contract also provides that the balance of the purchase money was to be secured by a purchase money mortgage, dated January 2nd, 1921, payable three years after date and to bear interest at the rate of six per cent. per annum, payable semi-annually, with the right to the mortgagors to anticipate the payment of said mortgage in multiples of five thousand dollars at any interest period, all deferred payments of the purchase price to bear interest at the rate of six per cent. per annum, accounting from June 1st, 1920.

The contract also provided that the purchaser shall have the right to go upon the premises for the purpose of constructing new buildings, seeding and planting wheat in the fall of 1920, and to cut, sell and remove all merchantable timber above twelve inches in diameter and breast high.

That the rights and privileges granted shall not be construed to give the vendee the right of possession of the property prior to the day of transfer by deed, namely, January 2nd, 1921.

The landlord's share of all crops grown upon the farm pass to the vendee under this agreement, but the title to the same is reserved unto the vendors until the crops are sold, when the proceeds thereof must be applied, as and when received, on account of the purchase money, and all timber that the vendee may cut and sell, when sold, the proceeds thereof shall be applied on account of purchase money and paid to the vendors.

The settlement and transfer of the property was to take place not later than the second day of January, 1921, and time was made of the essence of the contract.

Nothing in the contract should be construed in any way to transfer title to the property or the crops planted thereon by the vendors or the vendee, or any buildings or appurtenances thereto to the vendee prior to the actual transfer thereof by formal deed.

The contract also contained what is called a forfeiture clause, which provides as follows:

"If, for any reason, the vendee shall fail in any particular to perform the covenants, conditions and stipulations herein expressed, on his part to be performed, within the time specified, to wit, January 2nd, 1921, then all sums paid on account of the purchase money and all buildings erected on the above-described property and all crops planted thereon shall be forfeited and retained by the vendors as liquidated damages for the breach thereof, and this contract shall be void."

The bill alleges that the defendant, the appellee here, did on the 1st day of June, 1920, in accordance with the terms of the contract of sale, pay unto the plaintiffs, the appellants here, the sum of three thousand dollars on account of the purchase price of the tract of land, and although the time for the payment of the balance of the purchase money has expired and passed, the defendant has failed and still refuses to pay the residue thereof and to execute the mortgage as provided in the contract, although repeated demands therefor have been made upon the part of the plaintiffs so to do.

The bill further charges that the plaintiffs are ready and willing to execute a deed for the property upon the payment by the defendant of the balance of the purchase money and to perform all things upon their part agreed to be done under the contract of sale, but the defendant has refused and still refuses to comply with its terms as set out therein.

The bill also alleges that the plaintiffs are without remedy, unless the court intervenes in the premises, because they cannot be adequately compensated in damages for the breach of the agreement or the contract by the defendant.

The prayer of the bill is that the contract of sale may be specifically enforced and that the defendant be decreed to pay forthwith unto the plaintiffs the sums of money still due and owing under the terms of the contract; to execute a purchase money mortgage unto the plaintiffs, as provided by the contract; and to fully comply in other respects with the terms, conditions and stipulations of the contract, and also a prayer for further and general relief.

The right of the plaintiffs to have the relief sought by the bill is contested upon several grounds. These defenses are set up in the defendant's amended answer to the bill and are thus stated in the appellee's brief: (1) The parties having fixed in the contract their own estimate of damages for a breach thereof, the appellants are precluded from resorting to a court of equity for relief by way of specific performance. (2) The injunction proceeding instituted in the Circuit Court for Kent County prior to the filing of the bill for specific performance, constitutes an election and an estoppel, which is an insuperable bar to the maintenance of this proceeding. (3) The contract lacks mutuality and specific performance will not in such a case be decreed, or the contract enforced; and (4) the misrepresentation by the agents of the vendors to the vendee respecting the value of the property, upon which the vendee relied, precludes the granting of the relief here sought.

The case was heard upon bill, answer and proof, and from a decree of the Circuit Court for Harford County dated the 18th day of August, 1921, dismissing the plaintiffs' bill, this appeal has been taken.

The first defense relied upon by the appellee is based upon what is termed "the forfeiture clause" of the contract, and this, it is urged, limits the remedy of the vendors in this case

to the retention of the amount fixed in the contract as liqui-
dated damages for its breach, and they are precluded from
resorting to a court of equity for relief by way of specific
performance.

Whatever may be the decisions elsewhere, the rule is well
established in this country that a provision, in a contract for
the sale of land, such as is contained in the contract in this
case, and termed a forfeiture clause, is a provision for the ex-
clusive benefit of the vendor, and the vendee cannot, by his
own default, put an end to the contract.

In *Stewart* v. *Griffith,* 217 U. S. 323, the Supreme Court
of the United States, under a somewhat similar state of facts,
decreed a specific performance of the contract. MR. JUSTICE
HOLMES, in delivering the opinion of the Court, held that
the tenor of "the agreement" throughout imports mutual
undertakings. "We are satisfied," he said, that the vendee
"bound himself to take the land." * * * The condition plainly
is for the benefit of the vendor and hardly less plainly for
his benefit alone, except so far as it may have fixed a time
when the vendee might have called for performance if he had
chosen to do so, which he did not. This being so, the word
void means voidable at the vendor's election and the condi-
tion may be insisted upon or waived at his choice."

In the more recent case of *Western Union Telegraph Co.*
v. *Brown,* 253 U. S. 101, the Supreme Court re-affirmed and
followed the rule laid down in *Stewart* v. *Griffith, supra,* and
held, under similar stipulations, "the word void means void-
able at the vendor's election and the condition may be in-
sisted upon or waived at his choice." And to the same effect
are the cases of *Weaver* v. *Griffith,* 210 Pa. St. 13; *Knicker-
bocker Life Ins. Co.* v. *Norton,* 96 U. S. 234; *Oakes* v. *Mfrs.
F. & M. Ins. Co.,* 135 Mass. 248; *Titus* v. *Glens Falls Ins.
Co.,* 81 N. Y. 410; *Wilcoxson* v. *Stitt,* 65 Cal. 596; *Dana* v.
*St. Paul Inv. Co.,* 42 Minn. 194.

A number of cases upon the subject will be found collected
and collated in an interesting note to *Stewart* v. *Griffith,*

*supra,* page 640, vol. 19, American & English Annotated Cases.

Considering the stipulation, or the forfeiture clause, contained in the contract in this case, in the light of the facts and circumstances surrounding the parties at the time of the execution of the contract, as disclosed by the record, we find nothing that would take this case out of the well settled rule of law, established by the decisions we have cited, or could be construed to deny the plaintiffs the relief by way of specific performance.

In *Popplein* v. *Foley,* 61 Md. 381, it is said: "While specific execution is a matter not of absolute right in the party, but of sound discretion in the court, yet if a contract respecting real property is in writing and is certain and fair in all its parts, for an adequate consideration and capable of being performed, it is as much a matter of course for a court of equity to decree specific performance of it as it is for a court of law to give damages for a breach of it." *Cochran* v. *Pascault,* 54 Md. 1; *Lucas* v. *Long,* 125 Md. 427.

We have given careful consideration to the second, third and fourth objections, which have been insisted upon to defeat the right of the plaintiffs to the relief sought by them in these proceedings, but find nothing in the record or the authorities cited to sustain or support the contentions urged in them.

The injunction proceedings by the appellants, in the Circuit Court for Kent County, on the 31st of December, 1920, under the facts and circumstances of this case, did not constitute or establish an election on the part of the vendors not to demand a performance of the contract of sale. On the contrary the proceedings were instituted for the purpose of preventing the appellee from taking possession of the farm in violation of the express provision of the contract of sale, "that the vendee was not to have the right to possession of the farm, prior to the day of transfer by deed, viz: January 2, 1921."

The letter of Thomas W. Perkins, agent for the vendors, dated the 22nd of December, 1920, to the appellee, informing him that the appellants would be ready to execute a deed for the property on January 2, 1921, and a tender of a deed by the vendors to the appellee on the 4th of January, 1921, clearly show that it was the intention of the vendors to require the vendee to perform the contract of sale.

The third and fourth objections are based upon an alleged lack of mutuality in the contract and alleged misrepresentations respecting the value of the property at the time of the sale.

We think both of these defenses are untenable, under the facts disclosed by the record in this case.

So far as the question of mutuality of the contract of sale is concerned, there can be but little room for discussion. The question is clearly disposed of in *Stewart* v. *Griffith,* 217 U. S. 323, where the Court held that the tenor of "the agreement" throughout imports mutual promises and undertakings and that the contract was enforceable by specific performance.

The defense and objection of misrepresentation · of the value of the property at the time of the sale, it will be seen, is not supported by such proof as would prevent a decree for specific performance.

The law is well settled that misrepresentations, in order to constitute a defense to a suit for specific performance of a contract, must have been relied upon by the defendant, for unless an untrue statement is believed and acted upon, it occasions no legal injury. 25 *R. C. L.* 243.

In *Lucas* v. *Long,* 125 Md. 427, this Court said: "The fairness or hardship of a contract, like all its other qualities, must be judged of at the time it was entered into; if it was then certain, mutual, fair in all its parts, and for an adequate consideration, it is immaterial that by force of subsequent circumstances it has become less beneficial to one party, unless such change is in some way the fault of the party seeking its specific execution."

For the reasons given, we are of opinion that the court below was in error in holding that the plaintiffs were not entitled to the relief sought by their bill, and in dismissing the same. So it follows that the order of the Circuit Court for Harford County, dated the 18th day of August, 1921, must be reversed, and the cause will be remanded to the end that a decree may be passed in conformity to the views expressed in this opinion.

> *Order reversed and cause remanded, the costs in this Court and in the court below to be paid by the appellee.*

Motion for re-argument having been made, BRISCOE, J., delivered the following additional opinion:

Since the filing of the opinion, in this case, a motion has been made by the appellee for a re-argument and certain reasons are urged in support thereof. The special reason, however, alleged for the motion, is stated to be, because the Court "impliedly though not distinctly overrules the case of *Hahn* v. *Concordia Society*, 42 Md. 460, and thereby establishes two different theories of the law upon the same proposition."

We have carefully examined the motion and the appellee's brief in support of it, and we find no reason to change our views, or to disturb the conclusion reached by us, as announced in the opinion filed in the case.

The case of *Hahn* v. *Concordia Society*, 42 Md. *supra*, was relied upon, both in the appellee's brief and in the argument in this Court at the hearing of the case. It was not overlooked by us, in the examination of the case, but was not considered as controlling, or in conflict with the conclusion reached by us.

In *Hahn's Case, supra*, it will be seen that a definite sum was named as "a conventional fine," and the Court held, as stated in the syllabus of the case, the plaintiffs having fixed

by their own estimate the extent of the injury they would suffer from a non-observance of this condition in the contract, and having indicated that the only form in which they could seek redress and recover the stipulated penalty or forfeiture was a court of law, were precluded from resorting to a court of equity for relief by way of injunction, on the ground that a violation of this part of the contract would result in irreparable damage and injury to them.

The present case, we think, is clearly distinguishable from Hahn's case, and the rule of law there announced is not controlling in the case at bar, nor in conflict with what we said in the opinion in this case.

It will be seen that no definite sum or amount was fixed or named in the forfeiture clause in this case, nor was it known what payments would be made before a breach of the contract. The provisions of the forfeiture clause were: "If for any reason, the parties of the second part shall fail in any particular to perform the covenants, conditions and stipulations herein expressed, on their part to be performed. within the time specified, to wit, January 2, 1921, then all sums paid on account of said purchase money and all buildings erected on the above described property and all crops planted thereon shall be forfeited and retained by the said vendors as liquidated damages for the breach thereof, and this contract shall be void."

In *Maryland Clay Co.* v. *Simpers,* 96 Md. 8, it was said that it is well settled in courts of equity that in general the legal remedy of damages is inadequate in all agreements for the sale or letting of land, or any estate therein, and therefore, in such class of contracts the jurisdiction of equity is always exercised, and a specific performance granted, unless prevented by other and independent equitable considerations, which directly affect the remedial right of the complaining party. *Penna. R. R. Co.* v. *Reichert,* 58 Md. 261; *Willson* v. *Baltimore,* 83 Md. 203.

For the reasons stated, the motion for a re-argument was overruled, and a re-argument denied, on March 23, 1922.