## MESSINA *v.* MOELLER ᴇᴛ ᴜx.

[No. 231, October Term, 1956.]

*Decided June 25, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON and HAMMOND, JJ.

*Stedman Prescott, Jr.,* for appellant.

Submitted on brief by *G. J. Goldsborough, Jr., Richard A. Mehler* and *Mehler & Goldsborough,* for appellees.

HAMMOND, J., delivered the opinion of the Court.

The chancellor sustained a demurrer to a bill filed by the purchaser against the sellers for specific performance of a contract covering real estate because he found that there was no mutuality of remedy. The purchaser appeals.

The contract was for two lots in a subdivision in Montgomery County. The purchase price was $11,000, of which $1,100 had been paid at the signing of the contract and the balance was to be paid in cash at settlement, some thirty-five days later, or "as soon thereafter as a report on the title can be secured, if promptly ordered". It was further agreed that settlement need not be made until the lots were approved for septic tank installation by the Montgomery County Board of Health. (The approval was to be sought by the sellers.) If they were not, the deposit was to be returned to the purchaser and the contract was to be of no effect. The contract was prepared on a printed form and in the printing were these

words relating to the obligation of the purchaser to settle at the proper time: "If the purchaser shall fail so to do, the deposit herein provided for may be forfeited at the option of the seller, in which event the purchaser shall be relieved from further liability hereunder or without forfeiting the said deposit the seller may avail himself of any legal or equitable rights which he may have under this contract." The parties struck out the last twenty-four words of the quoted clause so that there was deleted the explicit right of the sellers to avail themselves of any legal and equitable remedies they might have under the contract.

The bill of complaint alleges that the purchaser is ready, willing and able to perform his part of the contract but that the sellers have refused to do the things necessary to obtain approval of the lots for septic tank installation and have informed the purchaser that they do not intend to convey the property to him, in accordance with the terms of the contract. Prayers of the bill are that the sellers be required to take the necessary steps for approval of the lots for septic tank installation and that "the said August Moeller and Line Moeller, his wife, may be .decreed to convey unto your Orator the aforesaid premises in accordance with the agreements as aforesaid, upon payment of the purchase money due and owing by your Orator." The demurrer, among others, relies on the ground that "* * * since the said contract could not be specifically enforced as against the Plaintiff, it is wanting in mutuality and cannot be enforced in equity against the defendants". The chancellor stated in his opinion that the sole question before the court was: "Is there mutuality of remedy, and if not, is mutuality of remedy necessary to decree specific performance?" He held that the contract did not provide for mutuality of remedy and that this want rendered specific performance unavailable to either of the parties, and sustained the demurrer on this ground alone.

In this Court the parties have accepted fully the premises of the chancellor. The appellant has argued that the contract was not wanting in mutuality of remedy and the appellees have argued that it was. It may well be, as the appellant

says, that there is no lack of mutuality of remedy, on the authority of *Rogers v. Dorrance,* 140 Md. 419, and *Armstrong v. Stiffler,* 189 Md. 630, but as we see it, it is not necessary to decide the point for the case turns on another proposition. If the argument of the sellers be accepted in the light most favorable to them, the contract entered into, which clearly is not illusory but real, gave the purchaser the choice of whether or not he would pay the balance of $9,900 (the difference between the $11,000 purchase price and the $1,100 deposit) at the time of settlement, or as soon thereafter as the sellers had arranged for septic tank approval, or whether he would disavow the contract and permit the sellers to keep the $1,100 deposit. Clearly, such a contract is an option given for a valuable consideration and is binding and effective according to its terms. It is now clearly settled in Maryland that mutuality of remedy at the time of the making of the contract is not necessary to authorize specific performance. *Stamatiades v. Merit Music,* 210 Md. 597. There Chief Judge Brune, speaking for the Court, relied on *Corbin* and *Williston,* as well as earlier cases of this Court, which were cited, in holding the law to be as it is set forth in *Restatement, Contracts,* Sec. 372, as follows: "(1) The fact that the remedy of specific performance is not available to one party is not a sufficient reason for refusing it to the other party" and went on to say: "This is an express repudiation of the doctrine of mutuality in one of the forms in which it used to be stated." The rule now generally followed is that of the *Stamatiades* case—that want of mutuality of remedy will not preclude specific performance unless the court finds it is unable to insure the receipt by the defendant of that to which he is entitled under the contract. See *Morad v. Silva* (Mass.), 117 N. E. 2d 290.

In applying this rule, it is held that an option may be specifically enforced at the instance of him who has the choice. 5 *Williston on Contracts,* Rev. Ed., Chap. 43, *Specific Performance,* Sec. 1441, says: "It is, indeed, abundantly settled that if the option was given for valid consideration the acceptor may enforce it; * * * and cases which hold that a

contract based on an option is not specifically enforceable, because the option at the outset lacked mutuality, are suggesting a test which is not only intrinsically unreasonable, but is destructive of the right to enforce any contract based on acceptance of a continuing offer." See also *Rigs v. Sokol* (Mass.), 61 N. E. 2d 538. *Restatement, Contracts,* Sec. 372, Subsec. (1), Comment d 6, gives the following illustration: "A contracts, in return for $100 paid by B, to convey land for $10,000 if paid within thirty days. B assigns to C his right under this option contract. C gives notice of acceptance and tenders $10,000 within the thirty days. C can get specific performance, conditional on payment of the price, even though, prior to the notice of acceptance, A could not have compelled performance by either B or C."

This Court has applied the principle set forth by *Williston* to a continuing offer which has been accepted. *Camden Sewer Co. v. Salisbury,* 162 Md. 454, 461, 462, was an action against the City of Salisbury by the Sewer Company. The City had had an option to purchase property of the sewer company and when it refused to convey on demand, the City in a prior suit filed a bill for specific performance, which was voluntarily dismissed. See *Camden Sewer Co. v. Salisbury,* 157 Md. 175. The Court held in the second case that the filing of the bill by the City had converted the option into a contract binding on both sides that justified specific performance at the instance of either party. See also *Liggett Co. v. Rose,* 152 Md. 146; *Brewer v. Sowers,* 118 Md. 681, 688; *Thomas v. The G.-B.-S. Brewing Co.,* 102 Md. 417, 424. There is an annotation on the subject in 22 *A. L. R.* 2d 508, and the cases as to options are found in Sec. 9 thereof at page 528.

Here the allegations of the bill of complaint are that the purchaser has always been ready, willing and able to perform and, even treating the contract of the parties as an option to the purchaser, there can be no doubt that when he filed the bill of complaint seeking conveyance of the land purchased upon payment of the agreed price, any question of mutuality of remedy became academic. The contract could then be enforced by both the sellers and the purchaser if the

chancellor found it otherwise proper to enforce it, regardless of what options the purchaser had before that.

> *Decree reversed and case remanded*
> *for further proceedings in con-*
> *formity with this opinion; ap-*
> *pellees to pay the costs.*