PHILIP MILLER ET UX. *v.* UNITED STATES
NAVAL INSTITUTE

[No. 452, September Term, 1980.]

*Decided December 16, 1980.*

The cause was argued before MOYLAN, MASON and
MACDANIEL, JJ.

*John R. Shematz,* with whom was *John G. Goettee* on the
brief, for appellants.

*S. Kennon Scott,* with whom was *William M. Simmons* on
the brief, for appellee.

MACDANIEL, J., delivered the opinion of the Court.

This is an appeal from an Order of the Circuit Court for
Anne Arundel County sustaining a demurrer. In September

1979, appellants Philip Miller and Rita Miller, his wife, filed a bill in equity for specific performance of a contract made by appellee, the United States Naval Institute, to purchase certain land. The precise issue of appellee's breach, *vel non,* is not before us. Rather, the appellee demurred, and the demurrer was sustained, upon the ground that, even assuming appellee's breach, specific performance was precluded since the contract contained a liquidated damages clause designed to constitute appellants' sole remedy.

As related in their Bill of Complaint, appellants owned an improved parcel of land, 6.33 acres more or less, on Ritchie Highway in Arnold, Maryland. By contract of sale dated August 24, 1978, appellee agreed to purchase this property for $315,000. Appellee paid appellants a deposit of $10,000 against the purchase price, and Paragraph 14 of the contract of sale provided, in part, that:

> ". . . the Sellers and Purchaser are required and agree to make full settlement in accordance with the terms hereof. If the Purchaser shall fail to do so, the deposit herein provided shall be forfeited and the Purchaser shall thereby be relieved from further liability hereunder."

Appellants alleged that appellee failed to proceed to settlement in accordance with the terms of the contract, and so prayed for specific performance. Appellee asserted that, by the terms of their contract, the parties had specifically agreed that in the event of appellee's breach appellants' remedy would be limited to retention of the deposit as liquidated damages. Appellee suggested that "the law of this State holds that in light of the language of the contract specific performance is not available as a remedy to the [appellants] for three reasons: First, the parties have fixed a *specific* sum as liquidated damages; Second, the contract language clearly expresses the rights of the parties upon default; Third, the liquidated damage clause is self executing."

The chancellor agreed with appellee. We quote from his Memorandum of Opinion and Order:

"In the present proceedings, the parties executed an agreement which not only provides for liquidated damages but states expressly that 'the Purchaser shall (by payment of the liquidated damages) be relieved from further liability hereunder'.

In ruling of [sic] any Demurrer, it is the duty of the Court to look only to the Bill of Complaint, to accept as true all well pleaded facts and to draw any reasonable inferences. *Hooke v. Equitable Credit Corp.,* 42 Md. App. 610 (1979).

It is the holding of this Court that the Plaintiffs' Bill of Complaint does not state a valid cause of action inasmuch as the contract clearly demonstrates that it was the intention of the parties to limit the available remedy on default by the purchaser to liquidated damages."

On the other hand, appellants maintain that the contract demonstrates no such thing. Paragraph 14, they argue, does not grant appellee an alternative to performance, but rather grants appellants, alone, the option of accepting the penalty (thereby relieving appellee of further liability) or of rejecting it in order to pursue their equitable remedies. Thus, the issue for decision here is whether the inclusion of the liquidated damages clause, *supra,* in a contract of sale forecloses a real estate vendor's right to seek specific performance in the event of the vendee's default.

We begin by noting the following general propositions, found in 71 Am. Jur. 2d *Specific Performance,* §§ 57-59, at pp. 83-87:

"Parties to contracts frequently stipulate and agree in advance as to the amount to be paid by one party to the other in the event of the former's breach of agreement; . . . . Questions frequently arise as to the effect of such provisions upon the right of the party in whose favor they run, to a decree of specific performance of the contract. . . . [T]he view taken by

the great preponderance of authority among the cases is that the right to specific performance is not to be determined by the character of the provision as one for a penalty or for liquidated damages, but by whether the provision was intended merely as security for performance of the contract or as an alternative to the main obligation, giving the party against whom the relief is sought the option either to perform the main obligation or to pay or forfeit the penalty or liquidated sum. Whenever it appears that the intention of the parties was that the contract should be performed and that a stipulation for liquidated damages or a penalty was inserted merely as a security for such performance, then the contract will be specifically enforced notwithstanding the contract is alternative in form. *Generally speaking, it is only where the contract stipulates for one of two things in the alternative — the performance of certain acts or the payment of a certain amount of money in lieu thereof — that equity will not decree a specific performance of the first alternative.*

. . .

The basis of the general rule which allows specific performance of a contract containing a stipulation for a pecuniary forfeiture or penalty or for liquidated damages in the event of default if the obligation to pay such forfeiture or damages is not an alternative to the main obligation, but is security for the performance thereof, is the intention of the parties; this intention is to be derived from the instrument or contract according to the ordinary and usual rules of construction, taking into consideration the terms of the contract, the subject matter, and the surrounding circumstances. When it is the intention that a stipulation is to be regarded as security for the performance of a contract by the vendee, specific performance may be had, but when the stipulation

is intended as a substitute for performance and the vendee may comply with the contract or pay liquidated damages in lieu thereof, specific performance is not available. . . .

The question . . . must in the last analysis be determined from a consideration of the terms and language of the particular contract in question. . . .

. . .

The cases are almost unanimous in support of the rule that a mere provision in a land contract that in case of default the vendee shall forfeit, as liquidated damages, the deposit made on the contract, does not preclude the vendor from maintaining a suit for specific performance. And the vendor's retention of an earnest-money payment, in accordance with the contract, is not an acceptance of liquidated damages under a provision therefor, and does not bar his right to specific performance; in such case the provision for liquidated damages is irrelevant, since the vendor is not seeking damages but rather the purchase price. In this respect, it has been said: 'It would be highly inconsistent to require the seller to yield up the earnest money which was intended as part payment and then sue at equity to get the same funds back also as part payment.' " [1]
(Emphasis added; citations omitted.)

The law in Maryland has been well settled, and in accord with these views, since the Court of Appeals' decision in *Rogers v. Dorrance*, 140 Md. 419 (1922). In *Rogers* the vendor appealed a circuit court order sustaining a demurrer to his bill of complaint for the specific performance of a real estate contract of sale. The parties' contract contained a "forfeiture clause" which provided that:

---

1. *Compare* Blood v. Gibbons, 288 Md. 268 (1980), wherein seller's retention of deposit as liquidated damages precluded further action at law for damages under the contract. Seller held to have waived rights to further legal remedies following his election to declare forfeiture of deposit monies.

" 'If, for any reason, the vendee shall fail in any particular to perform the covenants, conditions and stipulations herein expressed, on his part to be performed, within the time specified, . . . then all sums paid on account of the purchase money and all buildings erected on the above-described property and all crops planted thereon shall be forfeited and retained by the vendors as liquidated damages for the breach thereof, and this contract shall be void.' "

The vendee argued that this clause limited the vendor's remedy to the retention of the amount fixed as liquidated damages, and that it precluded the vendor from resorting to a court of equity for specific performance; upon this ground the demurrer was sustained. The Court of Appeals reversed. We quote the Court's opinion, at 140 Md. 424-25:

"Whatever may be the decisions elsewhere, the rule is well established in this country that a provision, in a contract for the sale of land, such as is contained in the contract in this case, and termed a forfeiture clause, is a provision for the exclusive benefit of the vendor, and the vendee cannot, by his own default, put an end to the contract.

In *Stewart v. Griffith*, 217 U.S. 323, the Supreme Court of the United States, under a somewhat similar state of facts, decreed a specific performance of the contract. MR. JUSTICE HOLMES, in delivering the opinion of the Court, held that the tenor of 'the agreement' throughout imports mutual undertakings. 'We are satisfied,' he said, that the vendee 'bound himself to take the land.' * * * The condition plainly is for the benefit of the vendor and hardly less plainly for his benefit alone, except so far as it may have fixed a time when the vendee might have called for performance if he had chosen to do so, which he did not. This being so, the word void means voidable at the vendor's election and the condition may be insisted upon or waived at his choice.'

. In the more recent case of *Western Union Telegraph Co. v. Brown,* 253 U.S. 101, the Supreme Court re-affirmed and followed the rule laid down in *Stewart v. Griffith, supra,* and held, under similar stipulations, 'the word void means voidable at the vendor's election and the condition may be insisted upon or waived at his choice.' . . .

Considering the stipulation, or the forfeiture clause, contained in the contract in this case, in the light of the facts and circumstances surrounding the parties at the time of the execution of the contract, as disclosed by the record, we find nothing that would take this case out of the well settled rule of law, established by the decisions we have cited, or could be construed to deny the plaintiffs the relief by way of specific performance.

In *Popplein v. Foley,* 61 Md. 381, it is said: 'While specific execution is a matter not of absolute right in the party, but of sound discretion in the court, yet if a contract respecting real property is in writing and is certain and fair in all its parts, for an adequate consideration and capable of being performed, it is as much a matter of course for a court of equity to decree specific performance of it as it is for a court of law to give damages for breach of it.' *Cochran v. Pascault,* 54 Md. 1; *Lucas v. Long,* 125 Md. 427." [2]

The Court of Appeals affirmed this rule in *Armstrong v. Stiffler,* 189 Md. 630 (1948). The case was an appeal from a

---

**2.** In Stewart v. Griffith, 217 U.S. 323, the contract provided that "In case the remainder of the . . . purchase price be not paid . . . then the said $500 so paid . . . is to be forfeited and the contract of sale and conveyance to be null and void, and of no effect in law, . . . ."; in Rogers, *supra,* the contract stated that, in the event of buyer's breach, the purchase money, buildings and crops "shall be forfeited and retained by the vendors as liquidated damages . . . and this contract shall be void"; and, as noted earlier, the contract *sub judice* provided that, upon breach by the vendee, "the deposit herein shall be forfeited and the Purchaser shall thereby be relieved from further liability hereunder." In our view, each of these provisions expresses an identical intent; the differences among these provisions are superficial only, and do not affect our result in this case.

circuit court order overruling appellant's demurrer to appellee's bill for specific performance of a stock option. Appellant had agreed to sell and transfer all his stock on a certain date for $300 per share. The option agreement which appellant signed also provided: "In case of default I promise to pay $300 per share . . . as liquidated damages." Appellant contended that this provision barred specific performance. The Court of Appeals disagreed and affirmed the circuit court's order. The Court based its holding upon its decision in *Rogers, supra,* stating at 189 Md. 635:

> "The *Rodgers* [sic] case holds that provision, in a contract of sale of land, for forfeiture of part payments does not preclude the vendor from specific performance, following *Stewart v. Griffith,* 217 U.S. 323, 30 S.Ct. 528, 54 L. Ed. 782, 19 Ann. Cas. 639, and *Western Union Tel. Co. v. Brown,* 253 U.S. 101, 40 S.Ct. 460, 64 L.Ed. 803. It has generally been held that specific performance should be denied because of a liquidated damage clause only when the contract shows that the clause was intended to give an option to perform or pay damages. *Brown v. Norcross,* 59 N.J. Eq. 427, 430, 431, 45 A. 605; *Rittenhouse v. Swiecicke,* 94 N.J. Eq. 36, 38-40, 118 A. 261; *Phoenix Ins. C. v. Continental Ins. Co.,* 87 N.Y. 400, 405, 406. Normally contracts are made to be performed, not to give an option to perform or pay damages. *Linz v. Schuck,* 106 Md. 220, 67 A. 286, 11 L.R.A., N.S., 789, 124 Am. St. Rep. 481. Forfeiture and damage clauses are means to insure performance, not optional alternatives for performance. See also Restatement, Contracts, sec. 378, comment a. There is nothing in these option agreements which indicates that the liquidated damage clause gives a license to break the contract and pay damages."

Appellee maintains that the circuit court's ruling was correct since it effectuated the intent of the parties (citing *Kasten Construction Company, Inc. v. Rod Enterprises,* 268

Md. 318 (1973), *Schapiro v. Jefferson,* 203 Md. 372 (1953)); furthermore, it insists the ruling was mandated by *Hahn v. Concordia Society,* 42 Md. 460 (1875). But *Hahn* is distinguishable, and is not controlling. Indeed, it *was* distinguished, in *Rogers, supra,* (following motion for reargument, 140 Md. at 427-28) and in *Armstrong, supra,* where the Court observed, at 634-35:

> "[*Hahn*] was a suit for specific performance (by injunction) of a negative provision in a contract of employment of an actor, under the then comparatively recent doctrine of *Lumley v. Wagner,* 1 De G., M. & G. 604. The contract provided that if the actor should break his engagement after the contract was signed, 'he obligates himself to pay to the complainants a *conventional fine* of $200, which sum is *forfeited by any violation* of the contract and requires no particular legal proceedings for its execution.' (Italics in opinion.) 42 Md. at page 463. In the light of subsequent decisions it is clear that Hahn was not so exceptional a performer as the opera singers, baseball players and others to whom the doctrine of *Lumley v. Wagner* has been restricted. *The court, however, did not decide this question but held that the liquidated damage clause covered any violation of the contract and the employers by their own contract thus indicated that they could seek redress only in a court of law and were precluded from resort to equity.* The *Hahn* case has never been extended, but in *Rogers v. Dorrance,* 140 Md. 419, 427, 428, 117 A. 564, 32 A.L.R. 573, was distinguished by stressing the 'conventional fine' and by stating the decision substantially as we have just stated it." (Emphasis added.)

In this case, as in *Rogers,* the parties' agreement does not clearly indicate that they relinquish their equitable remedies in the event of default. There is nothing in the language of their contract which expressly forecloses

appellants' right to seek specific performance following appellee's breach. That being so, the forfeiture clause in question must be interpreted merely to grant security for appellee's performance, and not to grant appellee an alternative to performance. This is especially so here, where the parties' contract is for the sale of real property. The parties' rights to specific performance ought not be foreclosed (thereby confining their remedies to those available at law) absent a clear expression of their intent to do so, since "... it is ... well settled in Courts of equity 'that in general the legal remedy of damages *is* inadequate in all agreements for the sale or letting of land, or of any estate therein; ....' " *Maryland Clay Co. v. Simpers,* 96 Md. 1, 7 (1902). Accordingly, the circuit court's decision to sustain appellee's demurrer was erroneous and must be reversed.[3]

*Order reversed.*
*Case  remanded  for  further proceedings consistent with the views stated in this opinion.*
*Appellee to pay the costs.*

---

**3.** The appropriateness of the remedy of specific performance was not argued here so we did not address that point. But since this question may arise on remand we think it helpful to note that Judge Wilner's opinion for this Court in Archway Motors v. Herman, 37 Md. App. 674 (1977), contains an excellent discussion on that topic.